Ruffin, Chief Justice,
 

 having stated the case, proceeded : — We regret that his Honor allowed so frivolous an appeal from an interlocutory judgment. If the statute positively commanded the suit to be dismissed for want of a prosecution bond, it would not mean that it should be done, unless the motion was made at a proper time — that is, before any steps have been taken in the cause preparatory to a trial. Doubtless, the court will always see that the defendant is sufficiently secured in his costs, and at any stage of the case will direct a bond to be given within a reasonable time, and in default thereof, will dismiss the suit. But it would be a gross surprise to
 
 *108
 
 make a peremptory order of dismission, after the defendant had suffered the plaintiff to go on for two terms in his own county, and reach the second term in Buncombe. The sole object of the bond is to secure the defendant; and the court will use its power in regard to it so as to protect him and advance the purposes of justice. The bond tendered by the plaintiff fully answered those purposes. Bonds are thus taken in cases of
 
 certiorari. Rosseau
 
 v.
 
 Thornberry,
 
 2 Law Repos. 442; and the sureties are charged in appeals.
 
 Lavender
 
 v.
 
 Pritchard,
 
 2 Hayw. 337.
 
 M‘Culloch
 
 v.
 
 Tyson and Person, 2
 
 Hawks, 336. And an appeal bond even may be waived by going to trial.
 
 Ferguson
 
 v.
 
 M‘Carter,
 
 N. C. Term Rep. 101. In fine, the court will render effectual the purpose of the legislature in requiring a bond, by providing a proper indemnity at any stage of a cause; but justice must not be stifled by dismissing the suit, when the plaintiff offers to do the very thing the other side complains he has not done. The order of his Honor, we think is proper; and it must be so certified to the Superior Court. The defendant must pay the costs in this court.
 

 Per Curiam. Judgment affirmed.