Pearson, J.
 

 We concur with his Honor in the opinion that the defendant had no right to levy the execution on Sunday, and the levy was consequently void. It is made unlawful and forbidden by two statutes. The act of 1741, - Rev. Stat. cli. 118, sec. 1: “No tradesman, &c. or other person whatsoever, shall, upon land or waterj do or execute any labor, business or work of their ordinary calling, &c. on the Lord’s day, commonly called Sunday.” The act of
 
 *124
 
 ' 1777, Rev. Stat. ch. 31, sec. 58: “ It shall not be lawful for any sheriff, or other officer, to execute any writ or other process upon a Sunday,” &c. Process certainly includes an execution, which is final process, as distinguished from original and mesne process.
 

 But we do not concur in the opinion that the return of the levy endorsed on the execution was
 
 conclusive
 
 against the defendant of a
 
 seizure
 
 of the property on1 the 5th of January, 1851.
 

 It was admitted, in the argument, that the return was not conclusive; but the counsel insisted that it was
 
 prima facie
 
 evidence, and that, as there was nothing to rebut it, there was no essential difference. That is true; for, in either case, the plaintiff had proved his allegation, and the error, is in not taking the difference-between
 
 conclusive
 
 and
 
 prima facie
 
 evidence unrebutted; either would be fatal; and the question is, was it
 
 prima facie
 
 evidence unrebutted, of the fact necessary to support the action ?
 

 The declaration alleges, that “ the defendant
 
 seized
 
 anti sold apile of shingles and other cuts of timber,, and two logs of cypress timber.” The plea of justification covers the- , selling and all that was done, except what took place on. the-5th of January, 1851, that day being Sunday.. As to-this, the defendant must rest upon the general issue, which traverses the allegation that he did, on that day, commit the trespass, by seizing the shingles and timber. In other words,, it denies that he1 did, ©n that day, take and carry away the-shingles and timber, or that he took them into- his actual possession by laying his hands on them.
 

 The return of a levy, endorsed on an execution, is
 
 prima facie
 
 evidence in the proceeding of which it forms a part; whether it is also
 
 prima facie
 
 evidence in another and different proceeding or action may be questioned. But suppose it to be so, does “levy,”
 
 ex vi termini,
 
 mean a seizing or taking actual possession, by laying hands on the property ?■
 
 *125
 
 ■We -think not.
 
 “ Levy,”
 
 in its legal acceptation, means the ( act of appropriating — singling out certain property of the debtor, for the satisfaction of an execution, and it is done by making an endorsement to that effect upon the execution.
 

 In regard to land, it may be made in the office, although it may be ten miles distant, and -the officer has never seen it. In regard to personal property, it is necessary for the officer to go to it, so .as to have it in his power to take it into actual possession if he chooses. It is safest for him to do so, and carry it away, for then he .can hold it against all persons, •but it is not necessary for him to do it, or for him to touch the property; the levy • is perfected by his making the endorsement upon the execution. He may leave the property .in the possession of the debtor, and take a'forthcoming bond; mr he may leave it there without any bond, and the effect, •of the levy is to give him such an interest and possession in •contemplation of law, as will enable him to bring trespass against any one-who interferes with it, except another officer. Mangum v. Hamlet, 8 Ired. 44.
 

 Where an officer has already levied and taken the property into possession, a second officer may make d second levy, by going where the property is.and making the endorsement on his execution. In this case, he has eo right to touch the property, and the -levy gives him a right to it after the first • execution is satisfied. So it is not necessary to lay hands on the property in order to perfect a levy. Gilkey v. Dickerson, 8 Hawks, 293. Supposing the return to be
 
 prima facie
 
 evidence that .a levy was made, it remains an open question whether the officer did or did not lay hands on the property, and the plaintiff is driven to the position that, although the levy was void, being made on Sunday, still it had the effect of giving the defendant a constructive possession, or possession in contemplation of law, and that such a possession will support the allegation that the defendant did seize and lay hands on the property.
 

 
 *126
 
 But there were circumstances tending to rebut this supposed
 
 prima facie
 
 evidence. The property was of a ponderous and bulky nature. The levy says it was “ at Henry Everett’s mill ” on the 5th of January, 1851, and it was there on the day of the sale; so it is a fair inference that the officer did not carry it
 
 away;
 
 and, if the jury had been instructed that the officer could make the levy without touching the property, they might reasonably have inferred that he sat on his horse and made the endorsement on his execution, and did not take the trouble to dismount and lay hands on any of the shingles, or the cuts of timber, or the cypress logs.
 

 Per Curiam. Judgment reversed.
 
 Venire de novo.