ROBERT SIMPSON *v.* SARAH SIMPSON.

Where process in the body of it purports to be *original,* an endorsement
    of "alias" or "pluries" by the Clerk, will not change its character

A court has no power to amend process returned at a former term, with-
    out giving notice to persons whose rights have previously accrued.

(*Bank of Cape Fear* v. *Williamson,* 2 Ire. 147; *Phillipse* v. *Higdon,*
    Bus. 380, approved.)

MOTION to rescind a previous order, made before *Buxton,
J.,* at Spring Term 1870 of UNION Court.

The order in question had been made in the County Court
of Union at October Term 1865, and had been granted at
the motion of the defendant without notice to the plaintiff;
its effect was to amend certain successive executions which
had issued in a State case theretofore constituted in that

Court against one John W. Simpson, by changing them from
originals into "alias" and "pluries" executions. These
executions had been issued from time to time upon a judg-
ment rendered at April Term 1853, and terminated with one
returned to January Term 1857; a sale of land having been
made under the last, January 5th, 1857, (under a levy dated
Nov. 10th, 1856,) to one Helms, under whom the defendant
claimed. The plaintiff claimed the land under a deed from
John W. Simpson, executed Nov. 23d, 1853. On the face
of these executions they were all originals, but the second
in the series was endorsed by the Clerk "alias Fi. Fa.," and
those succeeding, "pluries Fi. Fa."

His Honor made a rule upon the defendant to show cause
why the former order should not be rescinded, and, upon
hearing it, made such rule absolute, and the defendant
appealed.

*Wilson,* for the appellant.
*Battle & Sons, contra.*

1. An amendment is not proper if it affect the rights of
third persons: *Bank of Cape Fear* v. *Williamson,* 2 Ire.
147; *Phillipse* v. *Higdon,* Bus. 380.

2. The *endorsement* is no part of the record: *State* v.
*Roberts,* 2 D. & B. 540; *State* v. *Barnes,* 7 Jon. 20. See
also *McIver* v. *Ritter,* Winst. Eq. 56.

SETTLE, J. The endorsement of the words "alias" and
"pluries," formed no part of the record, and could not have
the effect of changing their tenor from originals to alias and
pluries executions. This was conceded by the defendant
when she sought to have them amended by an order of the
County Court. However extensive the powers of the Courts
may be in respect to amendments, they certainly have not

the power to allow them without notice, when they change in substance the process from what it was when issued, if the rights of third persons be thereby affected: *Bank of Cape Fear* v. *Williamson*, 2 Ire. 147; *Phillipse* v. *Higdon*, Bus. 380.

The case before us is a strong illustration of the injustice of such a course. An amendment is allowed in 1864 without notice to the party interested, which in effect reached back and disturbed a title acquired in 1853. The record of the County Court having been transferred to the Superior Court, his Honor was correct in vacating the order and the amendments made in pursuance thereof by the County Court in 1864.

PER CURIAM.                                    Affirmed.