EDWARD HEALY, PLAINTIFF IN ERROR, v. C. AULTMAN & CO., DEFENDANTS IN ERROR.

1. **Practice:** EXCEPTIONS. An order of court, in making up the pleadings, to which no exception is taken, will not be reviewed on error.

2. ———. JURISDICTION OVER DEFENDANTS. An *alias* summons is not made necessary by the filing of an amended petition. Jurisdiction over the person of the defendant, once acquired, will continue, and can be lost only by an actual dismissal of the action.

THIS was an action brought by the defendants in error in the county court of Lancaster county. The action was to recover $172 principal and interest, and $17.20 attorney's fees, on a promissory note for $150, executed August 5, 1875, by the plaintiff in error, payable to the order of defendants in error. On the first day of February, 1877, the defendant in error filed his petition in the said county court to recover the said sums of money. A summons was duly issued thereon, and served on the plaintiff in error. On the third day of April, 1877, Healy, plaintiff in error, filed his motion to strike the said petition from the files, because it was not duly verified. At the April term of said county court the motion came on to be heard, and was sustained. Healy

made no further appearance in the case in the county court. Leave was given to file amended petition. On the fourth day of April, at said term of court, C. Aultman & Co. filed their amended petition. On the seventh day of April the case came on for trial on the amended petition; C. Aultman & Co. appeared; default was entered against Healy; trial was then had, and judgment for $180.10 debt rendered against Healy, and the further sum of $18 as attorney's fees and cost of suit. To reverse said judgment, on the eighteenth day of April, 1877, Healy filed his petition in error in the district court within and for Lancaster county, but the district court, POUND, J., presiding found that there was no error apparent in the record, and affirmed the judgment. Healy brings the case up by petition in error.

*James E. Philpott*, for plaintiff in error, cited Civil Code, sec. 61. Nash Pleading, 99. 1 Id., 275. *Stevens v. White*, 1 West. Law Monthly, 394. Seney's Ohio Code, 152.

*Montgomery & Son*, for defendants in error.

The defect in the verification was not jurisdictional. "A verification of a petition is not necessary in order to vest jurisdiction. If defective, it may be amended, or if wanting, may be supplied." The jurisdiction of the county court attached to the defendant below on March 15, 1877, the date of the service of summons, without regard to the defects contained in the bill of particulars. The amendment was properly allowed by the court. The motion to set aside the defective pleading and the application for leave to amend, and the motion for security for costs, were determined by one ruling of the court in the following language: "The same was sustained, with leave to file amended petition, and give se-

curity for costs instanter." *Johnson v. Jones*, 2 Neb., 126. *Cropsey v. Wiggenhorn*, 3 Id., 108. 2 Western Law Monthly, 312-548. 3 Id., 604. Seney's Ohio Code, 1 95-196.

Even had there been a jurisdictional defect in the proceedings, it was wavied by the general appearance of plaintiff in error. *Porter v. Chic. N. W. R. R. Co.*, 1 Neb., 14. *Kane v. The People*, 4 Neb., 509. 3 Western Law Monthly, 604. Seney's Ohio Code, 196, N. 11. *Blackwood v. Jones*, 27 Wis., 498.

LAKE, CH. J.

We think the assignment of errors sufficient to enable us to review the questions presented to the district court by the petition in error filed therein.

The first of the errors complained of was in permitting an amended petition to be filed after the original had been stricken from the file, on motion of the plaintiff in error, on account of a defective verification. There was certainly no error in this; and even if there were, it could not now be taken advantage of, inasmuch as no exception was taken to the order.

The principal question, however, appears to relate to the jurisdiction of the county court over the person of the then defendant. And this point seems to be based upon the idea that, after the amended petition was filed, the service of a new summons was necessary before the case could be proceeded with. But no new summons was requisite, as that by which jurisdiction was first acquired was still on the files of the court, with its efficiency wholly unchallenged. The defendant therefore was still before the court, and bound by all orders made in the further progress of the case, unless reversed on exceptions duly taken. Besides, by moving for an order upon the plaintiffs to give security for costs, he admit-

ted the jurisdiction of the court over him, and which could be lost only by an actual dismissal of the action.

We see no error in the record, and the judgment of the court below is therefore affirmed.

JUDGMENT AFFIRMED.