Mrs. Collier vs. Morgan's Railroad and Steamship Co.

## No. 10,192.

## MRS. MALVINA C. COLLIER, TUTRIX, ETC., VS. MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY.

A motion for security for costs, under section 4 of Act 136 of 1880, is not an appearance which goes to the merits of the suit. It is not a contestation of any point or matter raised by the action as set forth in the petition. It is an *ex parte* proceeding, a matter of right, which is to relieve the defendant from making any appearance for a contest of any kind until his demand has been satisfied.

Service of a petition and citation addressed to a corporation, is fatally defective and bad, when made on one who is not a legal representative of such corporation, authorized to receive legal process.

A citation and service thereof are the foundation of the suit. The same cannot be considered as waived unless by a renunciation, or by an appearance putting at issue some matter represented by the petition, the object of which is intended to be detrimental to the proceeding or the action.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*Charles Carroll* and *Hornor & Lee* for Plaintiff and Appellant.

1. The filing, by defendant, of a motion for security for costs, under section 4, of Act No. 136, of 1880, precludes him from subsequently questioning the validity of the service of citation upon him. Succession of Baumgarden, 35 Ann. 130; Foote vs. New Orleans, 20 Ann. 22; Lee vs. Goodrich, 21 Ann. 278; Collins vs. Briggs, 5 La. 256; City vs. Hall, 21 Ann. 438; City vs. Walker, 23 Ann. 803; Tutorship of Heirs of Byland, 38 Ann. 759; Bartlett vs. Wheeler, 31 Ann. 543.

2. Personal service of citation upon the president, or in his absence from the City of New Orleans, upon the secretary of defendant, under section 12 of its charter (Act No. 37, of 1887), is not the only mode of bringing it into court. The first clause of the section did not have the effect of repealing the fourth paragraph of Article 198 of the Code of Practice: hence, the clause and the paragraph must, if possible, be so constructed that both may stand. To hold that the clause, instead of conferring a privilege or exemption, placed defendant in *duriori casu*, than the other corporations in the State, by adding the secretary to the list of officers upon whom citation may be served personally, at any place in the city, still leaving it subject to the operation of the paragraph of the article that provides for a service upon an agent, or employee, of a corporation, at its office, reconciles the clause and the paragraph, and such is the proper interpretation to be placed thereon. St. Julien vs. R. R. Co., 39 Ann., 1064.

3. When a defendant attacks a citation, and introduces oral evidence to show that the return thereon is not true, the doors are then thrown open to plaintiff for the introduction of evidence, to show the facts of the service, and if they make it clear that it was properly made, the validity of the citation will be maintained, and, if need be, the return amended in accordance therewith. Mohr, Hanneman & Co. vs. Marks, 39 Ann. 578; Adams vs. Basile, 35 Ann. 101.

4. A service of citation, upon a civil corporation, by leaving it at its office in the hands of one of its agents or employees, is good, although the president or other officers, upon whom personal service is permitted, be not absent therefrom, at the time of such service (C. P. 198). The rules governing the service of citation upon individuals at their domiciles (C. P. 189), are not applicable to corporations.

*Leovy & Blair* for Defendant and Appellee:

1. The defendant is a corporation created by a special act of the Legislature, which confers it certain privileges and advantages not enjoyed by corporations organized under the general law. Act 37 of 1877.

2. When the special provisions of defendant's charter differ from the general provisions of the Code of Practice on the same subject matter, it will be presumed that the Legislature intended to relieve the defendant from the operation of the general law and to confer on it the advantage of being governed by the special provisions of its charter. Heirs of Gossin vs. Morgan's Co., 36 Ann. 186.

3. Section 12 of defendant's legislative charter provides that it must be cited into court by service made on its president, or, in his absence, on its secretary. Hence, a service of citation on any other officer or agent is fatal to the citation, especially in the absence of proof that service on the president or secretary was impossible by reason of their absence from the city. *A fortiori* is the citation null and void when it is shown that both the president and the secretary were present in the city, and that the person upon whom service was made was not even an agent or an employee of the defendant.

4. The court will presume nothing in aid of a citation. Nothing will cure a defective or null citation except the appearance of defendant and contesting the suit on some other ground than the want of citation. McMicken vs. Smith, 5 N. S. 428; LeBlanc vs. Perroux, 21 Ann. 27.

5. When the absence of a party is essential to the validity of a citation, the court will presume nothing in respect to his absence. It must be proved by the plaintiff. McMicken vs. Smith, 5 N. S. 428.

6. The statement in the sheriff's return that the party upon whom service was made was an agent or bore some other relation to the defendant is no proof of the agency or the relation stated. Jacobs et al. vs. Sartorius et al., 3 Ann. 9; Johnson's Executor vs. Brown, 18 Ann. p. 334.

7. The filing of a motion for a bond for costs in this case was not a waiver of the defects in the citation.

    *a.* The law gives the right to a bond for costs to any defendant " in any cause or proceeding" in which costs may be incurred. Acts of 1880, p. 190.

    *b.* When, by the institution of this suit, and the attempted citation of defendant, it became necessary or proper for defendant to come into court to have the validity of the citation settled, there arose a "cause or proceeding" in which costs had to be incurred. To deny defendant the right to security for costs would be to create an exception to the law entirely unauthorized by its terms.

    *c.* The reservation in the motion that defendant appeared "solely for the purpose of moving for a bond for costs," shows that the defendant had no intention of waiving anything. The costs expected to be incurred and intended to be secured were the costs of the impending litigation over the validity of the citation.

    *d.* The appearance of defendant which amounts to a waiver of defects in the citation is his coming into court to contest the suit on some other grounds than want of citation. 5 N. S. 429; 4 L. 91; 5 L. 258; 9 M. 497; 10 R. 140; 1 Ann. 323: 3 Ann. 9; 21 Ann. 27.

    *e.* A motion for a bond for costs is not a contesting of the suit. It is *ex parte*. It contests nothing which plaintiff asserts. Its object is to avoid the necessity of contesting anything until the desired security is furnished.

8. The courts require strict compliance with the law in serving citations under penalty of dismissal of the suit. Jacobs et al. vs. Sartorius, 3 Ann. 9; Louis vs. Smith, 24 Ann. 617; 18 Ann. 336; 5 N. S. 428.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff appeals from a judgment dismissing

her suit on an exception to the mode of *service* of the citation issued in the case.

It appears that the petition was filed December 29, 1883; that citation was served on the same day, on one Fay, stated in the sheriff's return, to be the secretary of the defendant company; that on the 7th day of January following the defendant made a motion solely for the purpose of obtaining security for costs, under section 4 of Act 136 of 1880; that on the 12th of January next an exception was filed attacking the correctness and charging the nullity of the sheriff's return, on the ground that the person named therein, as that on whom the service of the citation had been made, was not and never has been the secretary of the company, the consequence being that the sheriff had no authority to make any service on him.

On the trial, the defendant, as plaintiff in exception, offered to introduce evidence to show the falsity of the return; to the admission of which the plaintiff objected, on the ground that by appearing in the case to ask a bond for costs, the defendant had estopped itself from assailing the validity of the citation and of the service thereof; but the court having overruled the objection, the proof was received, and the plaintiff excepted.

### I.

It is merely elementary that a citation and service thereof are the foundation of a suit, and that the same cannot be considered as waived, unless by formal renunciation, or by an appearance putting at issue some matter presented by the petition, the object of which is detrimental to the proceeding, or to the action.    The Code of Practice, Article 206, distinctly provides:  " Citation being the essential ground of all civil " actions in ordinary proceedings, the neglect of that formality annuls " radically all proceedings had, unless the defendant has voluntarily ap- " peared and answered the demand."   5 N. S. 429;  4 L. 91;  5 L. 258; 10 R. 140;  1 A. 323;  17 A. 91;  21 A. 27, 433;  230 A. 803;  31 A. 540; 35 A. 130;  38 A. 759.

This is so much so that it has been held that an appearance for the purpose of setting aside a writ of arrest, is not such as can be treated as waiving a defective citation.   Jacobs vs. Sartorius, 3 A. 9.

In the present instance, it does not appear that any such appearance was made by the company.

The motion for security for costs is, out of caution, carefully guarded. It distinctly states that the company appears for the *sole* purpose of demanding the bond for costs.   It is a proceeding necessarily *ex parte*, a subject which required no hearing of the plaintiff, as the right of a

defendant of requiring such is peremptory, and the order of court follow-
ing the motion, is one which, as a matter of course, must be granted,
and is one about which the judge exercises no legal discretion, save
incidentally as to the amount for which the bond is to be furnished.

It is an appearance which puts at issue none of the matters set forth
in the petition, either as to jurisdiction, sufficiency of the cause of action
averred, *res judicata*, prescription, or any other defense, the purpose of
which would be to have the cause disposed of, on account of any aver-
ment in the petition. Its object is simply to dispense the defendant
from making any appearance, or setting up any such defenses, or join-
ing issue on any point, until the requirement for a bond for costs, under
the Act of 1880, is complied with.

It is therefore apparent that the mere appearance for the sole purpose
of asking the bond for costs, cannot be treated as one, the effect of
which was to prevent the defendant in the case from urging any defense,
after the motion for security had been made and the security asked,
furnished and accepted.

The district judge, therefore, decided correctly in overruling the ob-
jection to the reception of the testimony proposed to impeach the
intrinsic correctness of the return.

## II.

The evidence adduced, written or oral, conclusively shows, that Mr.
Fay, on whom the service of the petition and citation was made, was
not and never had been the secretary of the defendant company.

He says that he informed the deputy sheriff who made the service,
that he was the phonographer and private secretary of Mr. Hutchinson,
the president of the defendant company, who was not then in ; that he
and the deputy went to the office of the attorneys of the company ; that
he handed to one of them the papers, stating the absence of the presi-
dent and asking whether he should accept it ; that, on being answered
*no*, that he had no right to take them, he handed them to the deputy
sheriff, telling him to serve them on Mr. Hutchinson ; but that the latter
would not take them back ; that he subsequently gave his name to the
officer ; that he is positive he never told the deputy that he was the
secretary of the defendant company ; that he never was such secretary ;
etc.

The minutes of the board of directors of the company of April 5, 1887,
offered in evidence, show that, on that day, A. C. Hutchinson was
elected president, and John B. Richardson secretary. The latter heard,
says that there had been no change in the officers then elected, between
that day and January, 1888.

## NEW ORLEANS, JANUARY, 1889. 41

The deputy sheriff who made the service testified that Mr. Fay had stated himself to be *the secretary.* This officer must necessarily have misunderstood Mr. Fay, who cannot be presumed to have perjured himself.

It is an important feature in this case, which militates victoriously in favor of the correctness of Mr. Fay's testimony that he and the deputy went together to the office of the attorneys of the company, and that there he was told that he had no right to receive the papers, and that he returned them to the sheriff, who declined receiving them.

The information was then and thus brought home clearly to the officer of the court, in unmistakable language, that Fay was not the proper person on whom a legal service could be made.

The fact being clearly established that the service was made on one who had no capacity whatever to represent the defendant company, it would serve no useful purpose to follow counsel in the dissertation in which they have indulged touching the interpretation to be put upon Article 198 C. P., and section 12 of the Act of Incorporation of the company, which bears No. 37 of 1877. It is enough that the service was made neither under the provisions of the one nor of those of the latter, to say that the legal requirement was not observed.

Considering, therefore, that the service of the petition and citation was fatally defective and bad, the exception was properly sustained.

Judgment affirmed.