### JAKE NEELY, ADMINISTRATOR, v. P. S. MINUS.

#### (Filed 12 December, 1928.)

**1. Death—Actions for Wrongful Death—Limitations.**

The requirement that a suit to recover damages for a wrongful death shall be brought within one year is a condition annexed to the right of action and it must be shown by the plaintiff that he has complied therewith, C. S., 160, and it is not necessary for the defendant to plead it as a statute of limitations.

**2. Same—Discontinuance.**

Where there is a break in the continuity in the issuance of alias and pluries summonses in a civil action to recover damages for a wrongful death there is a discontinuance, and service of a summons thereafter commences a new action, and if issued more than one year after the wrongful death the action will be dismissed.

**3. Same—Nonresidents.**

The requirements that the plaintiff must bring his action for wrongful death within one year and issue alias and pluries summonses when the original has not been served as the statutes direct, applies where the defendant is a nonresident.

**4. Process—Service—Alias and Pluries Summonses and Chain of Summonses—Discontinuance—Action.**

Where in a civil action alias or pluries summonses are issued in the event of nonservice of the original, a break in the chain of summonses works a discontinuance, and where a summons is thereafter served it commences a new action.

**5. Process—Issuance—Duty to Issue—Clerks of Court.**

By chapter 66, Public Laws 1927, construed with C. S., 476, the clerk of the court from which a summons in a civil action has been issued

is required to issue an alias or pluries summons if the process officer has not had time to serve the original within the time prescribed by statute, without the necessity of the plaintiff in the action applying therefor.

CIVIL ACTION, heard before *Webb, J.,* at January Term, 1928, of GASTON.

The plaintiff is the administrator of Robert Torrence, who died on 12 May, 1926, as the result of personal injuries alleged to have been inflicted through the negligence of the defendant while engaged in moving a concrete mixer. The defendant was a nonresident of the State. Thereafter, on 29 January, 1927, a summons was issued against the defendant, returnable on 14 February, 1927. This summons was not served, and thereafter purported alias and pluries summonses were issued from time to time. It is unnecessary to set out a list of the various summonses.

At the conclusion of the evidence there was judgment of nonsuit, and from such judgment plaintiff appealed.

*George W. Wilson for plaintiff.*
*George B. Mason for defendant.*

BROGDEN, J. When is a summons returnable under the provisions of chapter 66, Public Laws 1927, or section 476 of the North Carolina Code of 1927?

The act of 1927 made material changes in the law theretofore existing. Formerly a summons was returnable before the clerk "at a date named therein not less than ten nor more than twenty days from its issuance." The act now in force provides that a summons must be returnable before the clerk and must notify the defendant to appear and answer the complaint within thirty days after service thereof. It is further provided, however, that the sheriff to whom the summons is addressed, must serve the same within ten days after the date of issuance, and if not served within ten days, it must be returned by the officer holding the same for service to the clerk of the court issuing the summons, "with notation thereon of its nonservice and the reasons therefor as to every defendant not served." By implication only, it would appear that a summons in a civil action is now returnable within ten days. If it shall appear from the return made by the officer that the summons could not be served for want of time, then the clerk within three days shall issue "an alias or pluries summons." C. S., 480, makes it the duty of the plaintiff "to sue out an alias or pluries summons" when the defendant has not been served. In this aspect C. S., 476 and 480, are in conflict, unless it be understood that if the officer holding

the summons has not had time within which to make the service, in such event only, the duty of issuing an alias or pluries within three days is directly imposed upon the clerk. This, of course, imposes upon the clerk the burden of scrutinizing closely the return made on every summons issued through his office. As to whether this burden should be imposed upon the clerk or not is a question for legislative and not judicial determination. C. S., 481, provides that "a failure to keep up the chain of summonses issued against a party, but not served, by means of an alias or pluries summons, is a discontinuance as to such party; and if a summons is served after a break in the chain, it is a new action as to such party, begun when the summons was issued."

In the case at bar, the question standing at the threshold is whether or not there has been a discontinuance. The plaintiff's intestate died as a result of personal injuries on 12 May, 1926. The first summons was issued on 29 January, 1927, and was returned unserved because the defendant was a nonresident of the State. Thereafter various summonses were issued from time to time and all returned by the sheriff with a notation that the defendant could not be found. On 1 September, 1927, a summons, marked "original" was issued by the clerk of Gaston County directed to the sheriff of said county. The return thereon shows the following: "Received 1 September, 1927, executed   . . .. The defendant not to be found in Gaston County." Thereafter on 13 September, 1927, a pluries summons was issued, and the return shows that it was received on 15 September, but does not appear to have been executed, and no return appears thereon. Thereafter on 5 October an original summons was issued by the clerk of Gaston County, directed to the sheriff of Buncombe County. The return on this summons shows that it was received on 6 October, 1927, and duly served on 8 October, 1927. The complaint was filed on 4 May, 1927, and the answer filed on 31 October, 1927.

From the record facts as set out, there is a clear discontinuance of the cause between 1 September, 1927, and 5 October, 1927.

The plaintiff, however, contends that C. S., 160, providing that an action for wrongful death must be brought within one year after such death, does not apply to a nonresident defendant. Our decisions are to the effect that the provision of law that a suit for wrongful death must be brought within one year, is a condition annexed and must be proved by the plaintiff to make out a cause of action, and is not required to be pleaded as a statute of limitation. In other words, the provision of the statute is annexed to the cause of action and not to the person of the defendant. Therefore, the provision applies with full force whether the defendant be a resident or a nonresident. *Bennett v. R. R.,* 159 N. C., 345, 74 S. E., 883; *Hatch v. R. R.,* 183 N. C., 617,

HOLTON *v.* INDEMNITY CO.

112 S. E., 529; *McGuire v.·Lumber Co.,* 190 N. C., 806, 131 S. E., 274; *Hanie v. Penland,* 193 N. C., 800, 138 S. E., 165. The record discloses that a blanket order was made by the clerk on 31 March, 1927, that "alias and pluries summons" be issued from time to time, but this order does not authorize the issuing of the summons of 5 October, 1927, which was duly served upon the defendant. The principle of law applicable to the facts appearing upon the present record is stated in *McGuire v. Lumber Co., supra,* as follows: "Therefore, when the plaintiff failed to take any steps, whatever, to sue out an alias summons on the return date, to wit, 28 July, 1925, the sheriff of Swain County, having not returned the process prior to that time showing whether service had been made or not, a discontinuance resulted as is contemplated in C. S., 480, 481."

Affirmed.