## M. L. MINTZ v. SAM JOE FRINK.

(Filed 2 February, 1940.)

**1. Process § 2—**

Summons in a civil action served on Sunday is invalid and does not bind defendant, C. S., 3958, and the status of the process is the same as if service had not been made.

**2. Process § 12—**

When the original summons is invalid, plaintiff is entitled to have *alias* summons issued within 90 days next after the date of original summons, C. S., 480, but in order to prevent a discontinuance *alias* and *pluries* summons must be successively and properly issued.

**3. Same—Summons original in form is not constituted an alias summons by endorsement of word "alias" at its top.**

The court adjudged the original process invalid because served on Sunday and ordered *alias* summons to be issued.  Thereafter summons in the form of an original summons but marked at the top *"alias* summons" was issued and served.  *Held:* The second summons having the form and tenor of original process without anything in the body of the summons to show its relation to the original summons is not changed from an original to an *alias* summons by the endorsement, and the order for the issuance of an *alias* summons, being merely directory, does not constitute the second summons an *alias.*

**4. Same—**

Service of the original summons in this action was void because made on a Sunday and an *"alias"* summons thereafter issued was ineffective because not in the form prescribed by statute.  *Held:* Upon the expiration of 90 days from the date of the original summons there was a discontinuance, and the court was without authority thereafter to order the issuance of an *alias* summons.

**5. Appearance § 1—**

A motion to dismiss for failure of plaintiff to file security for costs as required by C. S., 493, pertains to a procedural question apart from the merits of the action, and an appearance for the purpose of making this motion, and a motion to dismiss for want of jurisdiction, does not constitute a general appearance, C. S., 490.

APPEAL by defendant from *Stevens, J.,* at September Civil Term, 1939, of BRUNSWICK.

Civil action to recover damages for alleged slander.

Summons in this action, issued 26 November, 1938, was returned with endorsement showing service was made upon defendant on the same date.

On 12 December, 1938, defendant, after notice to attorneys for plaintiff, entered special appearance and moved to dismiss the action for that the summons was served on Sunday, 27 November, 1938, contrary to law, and for that cost bond is not justified by the surety as required by the statute, and there is no order authorizing the plaintiff to sue without giving bond.

Upon the hearing of the motion at January Term, 1939, Harris, J., finding as a fact from the affidavits filed that the summons was served on Sunday, 27 November, 1938, held that such service is a nullity, and ordered the return to be stricken out; and, upon plaintiff's motion for an *alias* summons, the court then ordered that the case be remanded to the clerk of Superior Court, and that he be, and is authorized to serve immediately an *alias* summons with an attached copy of the complaint; and further ordered that plaintiff give a justified cost bond within ten days or the action is dismissed. Defendant excepted to the order for *alias* summons and to the refusal to dismiss the action.

Thereafter, on 12 January, 1939, "in compliance with" the said order, the assistant clerk of Superior Court issued a summons in form of an original summons, but marked at the top: "Alias Summons," which was returned by the sheriff endorsed "Served January 13, 1939, by delivering a copy of the within summons and a copy of the complaint" to defendant.

Subsequently, on 7 February, 1939, defendant, again after notice to attorneys for plaintiff, entered special appearance and moved to dismiss the action and to strike out the officer's return on the summons marked "Alias Summons" and dated 12 January, 1939, for that there was no complaint filed for that suit, and there was no order extending the time for filing the complaint, and there was no cost bond filed, and for that the same is not an *alias* summons. Upon hearing of the motion on 4 March, 1939, the clerk, upon finding that the summons issued on 12 January, 1939, was in compliance with the order of Harris, J., and being of opinion that same is a valid *alias* summons, denied the motion to dismiss. Plaintiff excepted and appealed to Superior Court.

Upon such appeal, heard at September Civil Term, 1939, and upon finding as fact that the summons marked "Alias Summons" issued by the clerk on 12 January, 1939, was not in fact an *alias* summons, and that same was actually served upon the defendant without a copy of the complaint, the court, being of opinion that such summons so marked and served is inoperative, but being further of opinion that the court has

"inherent right to correct its mistakes and errors," denied motion of defendant to dismiss the action, and ordered that the cause be remanded to the clerk of Superior Court with direction to him to issue at once an *alias* summons and attach thereto copy of complaint for service on defendant.

Defendant appeals therefrom to the Supreme Court, and assigns error.

*E. K. Bryan for plaintiff, appellee.*
*S. B. Frink and I. C. Wright for defendant, appellant.*

WINBORNE, J.   The questions involved on this appeal are these:

(1) Is service of summons on Sunday valid?   (2) Does marking an original summons "alias" constitute it an *alias summons?*   (3) When summons has been served on defendant on Sunday and when *alias* summons has not been issued within the time limited by statute, is defendant, by motion made on special appearance, entitled to have the action dismissed for want of jurisdiction of person?   (4) When defendant enters an appearance, designated special, and moves to dismiss the action not only for invalid service of summons, that is, want of jurisdiction of person, but also for lack of justification of plaintiff's bond as security for costs, is the appearance general or special?

The law as established in this State answers the first and second questions in the negative, and the third in the affirmative.   While as to the fourth the exact question has not been considered heretofore in this State, the rule of reason prompts us to hold the appearance is not general.

(1) The statute, C. S., 3958, provides that "it shall not be lawful for any sheriff, constable or other officer to execute any summons, capias or other process on Sunday, unless the same be issued for treason, felony or misdemeanor."   See *Bland v. Whitfield,* 46 N. C., 122; *Devries v. Summitt,* 86 N. C., 126.   Hence, in the present action service of original summons on Sunday is invalid and not binding on defendant.   Having been so adjudged and the return having been stricken out at January Term, 1939, the status of the process was the same as if service had not been made.   *Hatch v. R. R.,* 183 N. C., 617, 112 S. E., 529.   The plaintiff then had the right, given by statute, C. S., 480, to "sue out an *alias* . . . summons, returnable in the same manner as original process"— a right which could and must have been exercised at any time within ninety days next after the date of the original summons, 26 November, 1938.   *McGuire v. Lumber Co.,* 190 N. C., 806, 131 S. E., 274.

(2) In order to preserve a continuous single action referable to the date of its institution the original ineffective summons must be followed by process successively and properly issued.   *Hatch v. R. R., supra,* and *McGuire v. Lumber Co., supra,* and cases cited.   An *alias* follows next

after the original.   There should be something in the body of the second summons to indicate its alleged relation to the original.   *Hatch v. R. R.,* *supra.*  The character of process purporting to be original is not changed by an endorsement of the word "alias."   Such endorsement forms no part of the record, and could not have the effect of changing the tenor from an original to an *alias summons.*  See *Simpson v. Simpson,* 64 N. C., 427, as applied to executions.  The issuance of a second summons in the form of an original, without something in the body of it to indicate its relation to the original, has the force and effect of initiating an independent action.

(3) Section 481 of Consolidated Statutes of 1919 provides that "a failure to keep up the chain of summonses issued against a party, not served, by means of an *alias* or *pluries* summons, is a discontinuance as to such party; and if a summons is served after a break in the chain it is a new action as to such party, begun when the summons was issued." See *Hatch v. R. R., supra; Neely v. Minus,* 196 N. C., 345, 145 S. E., 771.

In the case in hand the service of summons being invalid and an *alias* as required by statute not having been issued, nothing else appearing, the action was discontinued at the expiration of ninety days next after the issuance of the original summons.   The order of Harris, J., that the clerk issue an *alias* summons is merely directory, and does not and cannot have the effect of suspending the provisions of the statute.   Likewise, after the expiration of period provided in the statute within which an *alias* summons can and must be issued, Stevens, J., was without authority to order an *alias* summons issued.   Therefore, at September Term, 1939, upon the finding that the summons issued 12 January, 1939, was not in fact an *alias* summons, nothing else appearing, a discontinuance of the action as originally instituted should have been decreed.

(4) However, plaintiff contends that, notwithstanding the right of defendant to appear specially to make the motion upon which the court struck out the erroneous return on the original summons and declared to be invalid the service as made, or to move to dismiss for lack of jurisdiction of his person, the defendant, by coupling in the motion the further purpose to dismiss the action for failure to justify plaintiff's bond as security for costs, appeared generally.   With respect thereto it is our view, and we hold, that the matter of moving to dismiss the action for failure to comply with statutory requirement, C. S., 493, relating to security for costs pertains to a procedural question, apart from the merits of the action, and such motion may be invoked as incidental to jurisdiction.

The statute, C. S., 493, in effect provides that, unless plaintiff makes a deposit of cash therefor or obtain permission to sue *in forma pauperis,*

the clerk, before issuing summons, should require the plaintiff to give as security for costs "an undertaking with sufficient surety in the sum of two hundred dollars, with the condition that it will be void if the plaintiff pays all the costs which the latter recovers of him in the action." The sole object of the bond is to secure the defendant. *Brittain v. Howell,* 19 N. C., 107; *Waldo v. Wilson,* 177 N. C., 461, 100 S. E., 182. Failure of the clerk to require this may subject him to penalty. *Dale v. Presnell,* 119 N. C., 489, 26 S. E., 27. But this Court has uniformly held that the undertaking is not a condition precedent so as to make a summons void if it is not given. McIntosh P. & P., 331; *Russell v. Saunders,* 48 N. C., 432. The decisions are likewise uniform in holding that if the summons be issued without the undertaking the defendant may make a motion to dismiss the action for such defect, but this motion must be made promptly. McIntosh P. & P., 331; *Cooper v. Warlick* 109 N. C., 672, 14 S. E., 106.

Courts in only a few other jurisdictions have considered the identical question. In New York (*Wendel v. Connor,* 220 App. Div., 211, 221 N. Y. S., 10) and in Louisiana (*Collier v. Morgan's L. & T. R. and S. S. Co.,* 41 La. Ann., 37, 5 So., 37) the courts hold the appearance to be special, while in Nebraska (*Healy v. Aultman,* 6 Neb., 349, and *Raymond Bros. v. Strine,* 14 Neb., 236, 15 N. W., 350) and in Wisconsin (*Stonach v. Glessner,* 4 Wis., 288) the courts hold the appearance to be general. But see *Kingsley v. Great Northern Ry. Co.* (Wis.), 64 N. W., 1036, in which the Wisconsin Court holds that where defendant asks that service of summons be set aside and that "the action be dismissed, with costs," and again, "with costs of motion," it must be construed as claim for only such costs as the court might properly grant on setting aside the service of the summons, and, therefore, was not a waiver of the objection, or a general appearance. The New York decision is more convincing in that it is predicated upon a statute, sec. 237 of the Civil Practice Act of New York, which, in part, is identical with our statute, C. S., 490, which provides that a "voluntary appearance of a defendant is equivalent to personal service of summons upon him." Also in connection with the New York decision it is significant to note that pertinent sections of the Civil Practice Act of New York provides that "the defendant . . . may require security for costs to be given, . . ." sec. 1522, and when this is done "the court . . . or a judge thereof . . . must make an order requiring the plaintiff . . ." to make deposit or to file bond; "and staying all other proceedings on the part of the plaintiff, except to review or vacate the order, until the payment or filing, and notice thereof," sec. 1524.

The judgment entered at September Term, 1939, is
Reversed.