CHRISTOPHER W. RYAN v. R. O. BATDORF.

(Filed 23 May, 1945.)

1. **Process § 1—**

   The sole purpose of a summons is to bring a party into court and to notify him that a complaint has been or will be filed against him.

2. **Process §§ 2, 12—**

   An *alias* or *pluries* summons, improperly issued as such, may still be sufficient as an original summons. But when it is desired that the action shall date from the issuance of the original summons, or when it is necessary for it to do so, in order to toll the statute of limitations, the successive writs must show their relation to the original process.

3. **Process § 12—**

   While an original summons cannot be changed into an *alias* summons by merely endorsing the word *"alias"* thereon, such process, however, can be converted into an *alias* by a memorandum or order, endorsed or subscribed thereon, specifying the date of the original writ.

APPEAL by defendant from *Stevens, J.,* at October Term, 1944, of NEW HANOVER.

Summons issued 28 March, 1944, returned with the following endorsement thereon: "After due and diligent search R. O. Batdorf is not to be found in New Hanover County. This 7th day of April, 1944. C. David Jones, Sheriff—By Sam Yopp, Deputy."

Complaint was filed at the time the original process was issued.

On 12 April, 1944, plaintiff requested the issuance of an *alias* summons, and the clerk of the Superior Court of New Hanover County entered the following order: "It appearing to the Court that summons was issued to the Sheriff of New Hanover County on the 28th day of March, 1944, for service on the defendant, R. O. Batdorf, and has been returned as follows: 'After due and diligent search R. O. Batdorf is not, to be found in New Hanover County. This 7 April, 1944,' and it now appearing to the Court that the defendant is now to be found in New Hanover County. It is therefore Ordered that Alias Summons be issued to the said Sheriff of New Hanover County for service on the said defendant. Witness my hand and seal of office, this 12th day of April, 1944. A. L. Meyland, Clerk Superior Court."

Whereupon the clerk marked an ordinary summons "Alias Summons" and wrote the above order on the face of the *alias* summons in the upper right-hand corner thereof. The *alias* summons was served on the defendant 14 April, 1944, by leaving copies of the *alias* summons and complaint with the defendant.

The defendant, through his counsel, entered a special appearance before the clerk of the Superior Court of New Hanover County, on 9 May, 1944, and moved to dismiss the action on the ground that the purported process was invalid as an *alias* summons, and subject to dismissal as an original process, because no cost bond or complaint had been filed as of the date of its issuance.

The motion was overruled, and the defendant appealed to the judge of the Superior Court. The ruling of the clerk of the Superior Court was sustained by the judge on 17 October, 1944.

Defendant appeals to the Supreme Court, assigning error.

*E. L. Yow and Rountree & Rountree for plaintiff.*
*Isaac C. Wright for defendant.*

DENNY, J. It has been held by this Court that "The character of a process purporting to be original is not changed by an endorsement of the word *'alias.'* *Mintz v. Frink,* 217 N. C., 101, 6 S. E. (2d), 802. The character of the process purporting to be original may be changed, however, when the process is made referable to the original writ, and sued out as required by G. S., 1-95. It is said in *Hatch v. R. R.,* 183 N. C., 617, 112 S. E., 529, quoting from Chitty's Practice: 'If it be necessary to continue the first writ of summons, then an *alias* or *pluries* may be issued into the same or another county; and it is very essential to take care that the first writ, whether of summons or capias, be in due time returned *non est inventus,* and that every continued process to save the

statute of limitations must have a memorandum endorsed or subscribed, specifying the date of the first writ.' Chitty's Practice, 408; 3 Bl., 280, *et seq.;* Tidd's Practice, 111; Elliott's Gen. Practice, 459; 20 Ency. P. & P., 1178; 32 Cyc., 445; 21 R. C. L., 1266."

While an original summons cannot be changed into an *alias* summons by merely endorsing the word *"alias"* thereon, such process, however, can be converted into an *alias* by a memorandum or order endorsed or subscribed thereon specifying the date of the original writ. The sole purpose of a summons is to bring a party into court and to notify him that a complaint has been or will be filed against him. *Battle v. Baird,* 118 N. C., 854, 24 S. E., 668. An *alias* or *pluries* summons, improperly issued as such, may still be sufficient as an original summons. *Neely v. Minus,* 196 N. C., 345, 145 S. E., 771. But when it is desired that the action shall date from the date of the issuance of the original summons, or when it is necessary for it to do so, in order to toll the statute of limitations, the successive writs must show their relation to the original process.

The information contained on the face of the summons in the instant case made it referable to the original writ as required by our decisions, and it is, therefore, a valid *alias.* *Hatch v. R. R., supra.*

The judgment of the court below is

Affirmed.