J. C. McINTYRE, Trading as TEXTILE MOTOR FREIGHT, v. MRS. JAMES H. AUSTIN.

(Filed 24 May, 1950.)

**1. Process § 4: Actions § 10—**

Plaintiff has the duty to sue out *alias* and *pluries* summons when necessary, and upon his failure to maintain the chain of process there is a discontinuance. G.S. 1-95.

**2. Process § 4—**

Plaintiff may "sue out" an *alias* or *pluries* summons either by oral or written application to the clerk, and no order of court is necessary to the issuance of such process, although an order or memorandum by the clerk showing the relation to the preceding writ or writs will not render the writ invalid if in proper form otherwise.

**3. Same—**

The mere endorsement of the words *"alias"* or *"pluries"* upon a summons is ineffective, but the *alias* or *pluries* summons must contain sufficient information in the body thereof to show its relation to the original summons.

**4. Same—**

Legal service of an *alias* or *pluries* summons is effective from the date of the original process.

**5. Abatement and Revival § 7—**

Where the original process is kept alive by the proper issuance of *alias* and *pluries* summonses, a plea in abatement in a second action instituted subsequent to the issuance of the original process in the first is properly denied notwithstanding that process in the subsequent action is actually served prior to the service of *pluries* summons in the first.

Appeal by defendant from *Phillips, J.,* at Chambers in Rockingham, N. C., 28 January, 1950. From Scotland.

This is a civil action to recover damages to the plaintiff's truck, alleged to have been caused by the negligence of the defendant.

The plaintiff is a citizen and resident of Scotland County, N. C. The defendant is a citizen and resident of Mecklenburg County, N. C. The

collision complained of occurred between the plaintiff's truck and the defendant's automobile on 16 August, 1949, on a public highway near the town of Polkton, N. C., in Anson County, N. C.

The plaintiff instituted this action on 3 September, 1949. The original summons, with a copy of the complaint, was directed to the Sheriff of Mecklenburg County. The Sheriff of Mecklenburg County received the summons, according to his return, on 6 September, 1949, and returned it unserved, on 15 September, 1949, because of the illness of the defendant.

Thereafter, on 11 October, 1949, the Clerk of the Superior Court of Scotland County issued an *alias* summons, directed to the Sheriff of Mecklenburg County, the pertinent part thereof being in the following language: "You have heretofore been commanded to summons the defendant hereinafter named, said summons having been returned not served, and this being an *alias* summons; you are hereby commanded to summons Mrs. James H. Austin, the defendant above named, . . ."

The Sheriff of Mecklenburg County received the *alias* summons, according to his return, on 12 October, 1949, and returned it unserved on 25 October, 1949, for the same reason assigned in his return of the original summons.

On 14 November, 1949, the Clerk of the Superior Court of Scotland County issued a *pluries* summons, directed to the Sheriff of Mecklenburg County, the pertinent part thereof being in the following language: "You having been heretofore commanded to summons the defendant hereinafter named; said summons having been returned not served, and an *alias* summons having been issued and likewise returned unserved, and this being a *pluries* summons; now, you are hereby commanded to summons the defendant, Mrs. James H. Austin, . . ." The *pluries* summons was duly served on 18 November, 1949.

In the meantime, on 9 November, 1949, this defendant instituted an action in Mecklenburg County against J. C. McIntyre, the plaintiff herein, involving the same matters set out in the complaint filed in this action. The summons and copy of complaint in the action, instituted in Mecklenburg County, were served on J. C. McIntyre on 10 November, 1949.

The defendant in this action entered a special appearance before the Clerk of the Superior Court in Scotland County, and moved to dismiss the action, on the ground that the Superior Court of Mecklenburg County obtained jurisdiction of J. C. McIntyre prior to the time of the service of summons in this action on defendant movent. The Clerk held the summons, *alias* summons and *pluries* summons had been legally issued, and the *pluries* summons properly served, and denied the motion.

The defendant appealed to his Honor, the Judge presiding and holding the courts of the Thirteenth Judicial District, before whom the matter

was heard on the record. The plea in abatement was denied, and judgment entered accordingly.

The defendant appeals and assigns error.

*James W. Mason and Smathers & Carpenter for plaintiff.*

*Varser, McIntyre & Henry for defendant.*

DENNY, J. The appellant contends a plaintiff cannot obtain a valid *alias* or *pluries* summons without first applying for and obtaining an order directing the issuance of such writ.

Chapter 66, Public Laws of 1927, required the Clerk of the Superior Court to issue an *alias* or *pluries* summons within three days after the "return of a summons unserved for want of time to make service, as to any defendant or defendants not served." The imposition of this duty on the Clerks of our Superior Courts was eliminated by the repeal of this provision in the statute by the enactment of Chapter 237 of the Public Laws of 1929.

The pertinent part of the present statute which authorizes the issuance of these writs, reads as follows: "When the defendant in a civil action or special proceeding is not served with summons within ten days, the plaintiff may sue out an *alias* or *pluries* summons, returnable in the same manner as original process. An *alias* or *pluries* summons may be sued out at any time within ninety (90) days after the date of issue of the next preceding summons in the chain of summonses." G.S. 1-95.

The duty is now imposed upon the plaintiff to sue out an *alias* summons if the original writ failed of its purpose or proved ineffectual; and likewise to sue out a *pluries* summons when the preceding writs have proved ineffectual, or there will be a discontinuance of the action. 50 C.J., Process, Sec. 49, p. 464; McIntosh's N. C. Practice and Procedure, Sec. 317; *Green v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215; *Gower v. Clayton,* 214 N.C. 309, 199 S.E. 77; *Neely v. Minus,* 196 N.C. 345, 145 S.E. 771; *McGuire v. Lumber Co.,* 190 N.C. 806, 131 S.E. 274.

What is meant by the words "sue out," as used in G.S. 1-95? According to Black's Law Dictionary, 3rd Ed., p. 1675, to "sue out" means "to obtain by application; to petition for and take out."

We hold that a plaintiff may apply orally or in writing to the Clerk of the Superior Court for an *alias* or *pluries* summons, 50 C.J., Process, Sec. 50, p. 465, and upon such application it is the duty of the Clerk of the Superior Court to issue the writ. And since the writs are returnable before the Clerk of the Superior Court and not to the Superior Court in term time, as was the former practice, Revisal 430; *Battle v. Baird,* 118 N.C. 854, 24 S.E. 668, no order of court is necessary to authorize the Clerk to issue an *alias* or *pluries* summons. 50 C.J., Process, Sec. 50,

p. 465. Neither do we think the present statute requires the Clerk to issue an order directing himself to perform a duty imposed on him by statute. However, if he elects to draw an order or memorandum, containing the facts necessary to show the relation of the writ to the preceding writ or writs, and copies the same on the process, the writ, if in proper form otherwise, will be valid. *Ryan v. Batdorf,* 225 N.C. 228, 34 S.E. 2d 81; *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529.

It is well settled that an ordinary summons cannot be effective as an *alias* or *pluries* summons by the mere endorsement of the words *"alias"* or *"pluries"* thereon. *Mintz v. Frink,* 217 N.C. 101, 6 S.E. 2d 804. But if the *alias* or *pluries* summons contains sufficient information in the body thereof to show its relation to the original summons, the legal service of such writ will be effective from the date of the original process. *Mintz v. Frink, supra; Hatch v. R. R., supra;* 50 C.J., Process, Sec. 49, p. 464.

We think the *alias* and *pluries* summonses issued in this cause contained sufficient information to make them referable to the original process, and were valid writs.

The ruling of the court below in denying the plea in abatement, on the ground of a prior action pending, which involved the same cause of action is

Affirmed.