59 S.E.2d 586 (1950)
232 N.C. 186
McINTYRE
v.
AUSTIN.
No. 604.
Supreme Court of North Carolina.
May 24, 1950.
*587 James W. Mason, Laurinburg, and Smathers & Carpenter, Charlotte, for plaintiff.
*588 Varser, McIntyre & Henry, Lumberton, for defendant.
DENNY, Justice.
The appellant contends a plaintiff cannot obtain a valid alias or pluries summons without first applying for and obtaining an order directing the issuance of such writ.
Chapter 66, Public Laws of 1927, required the Clerk of the Superior Court to issue an alias or pluries summons within three days after the "return of a summons unserved for want of time to make service, as to any defendant or defendants not served." The imposition of this duty on the Clerks of our Superior Courts was eliminated by the repeal of this provision in the statute by the enactment of Chapter 237 of the Public Laws of 1929.
The pertinent part of the present statute which authorizes the issuance of these writs, reads as follows: "When the defendant in a civil action or special proceeding is not served with summons within ten days, the plaintiff may sue out an alias or pluries summons returnable in the same manner as original process. An alias or pluries summons may be sued out at any time within ninety (90) days after the date of issue of the next preceding summons in the chain of summonses." G.S. § 1-95.
The duty is now imposed upon the plaintiff to sue out an alias summons if the original writ failed of its purpose or proved ineffectual; and likewise to sue out a pluries summons when the preceding writs have proved ineffectual, or there will be a discontinuance of the action. 50 C.J., Process, Sec. 49, p. 464; McIntosh's N. C. Practice and Procedure, Sec. 317; Green v. Chrismon, 223 N.C. 724, 28 S.E.2d 215; Gower v. Town of Clayton, 214 N.C. 309, 199 S.E. 77; Neely v. Minus, 196 N.C. 345, 145 S.E. 771; McGuire v. Montvale Lumber Co., 190 N.C. 806, 131 S.E. 274.
What is meant by the words "sue out", as used in G.S. § 1-95? According to Black's Law Dictionary, 3rd ed., p. 1675, to "sue out" means "to obtain by application; to petition for and take out."
We hold that a plaintiff may apply orally or in writing to the Clerk of the Superior Court for an alias or pluries summons, 50 C.J., Process, Sec. 50, p. 465, and upon such application it is the duty of the Clerk of the Superior Court to issue the writ. And since the writs are returnable before the Clerk of the Superior Court and not to the Superior Court in term time, as was the former practice, Revisal 430; Battle v. Baird, 118 N.C. 854, 24 S.E. 668, no order of court is necessary to authorize the Clerk to issue an alias or pluries summons. 50 C.J., Process, Sec. 50, p. 465. Neither do we think the present statute requires the Clerk to issue an order directing himself to perform a duty imposed on him by statute. However, if he elects to draw an order or memorandum, containing the facts necessary to show the relation of the writ to the preceding writ or writs, and copies the same on the process, the writ, if in proper form otherwise, will be valid. Ryan v. Batdorf, 225 N.C. 228, 34 S.E.2d 81; Hatch v. Alamance R. R. Co., 183 N.C. 617, 112 S.E. 529.
It is well settled that an ordinary summons cannot be effective as an alias or pluries summons by the mere endorsement of the words "alias" or "pluries" thereon. Mintz v. Frink, 217 N.C. 101, 6 S.E.2d 804. But if the alias or pluries summons contains sufficient information in the body thereof to show its relation to the original summons, the legal service of such writ will be effective from the date of the original process. Mintz v. Frink, supra; Hatch v. Alamance R. R. Co., supra; 50 C.J., Process, Sec. 49, p. 464.
We think the alias and pluries summonses issued in this cause contained sufficient information to make them referable to the original process, and were valid writs.
The ruling of the court below in denying the plea in abatement, on the ground of a prior action pending, which involved the same cause of action, is
Affirmed.