ODELL L. MORTON v. BLUE RIDGE INSURANCE COMPANY.

(Filed 23 September, 1959.)

**1. Process § 4—**

Where process is never served and no notation for the reason for nonservice or of an extension of time for service is made thereon, and no alias summons issued, there is a discontinuance of the action commenced by the issuance of the summons. G.S. 1-96.

**2. Process § 2—**

Where process issued to the sheriff of one county is returned without any notation thereon but with an accompanying letter stating that the defendant named is in another county, the act of the clerk in marking through the name of the first county and writing above it the name of the second county, so that the process is directed to the sheriff of the second county, amounts to the issuance of new process and institutes a new action as of the date of the later issuance, and service by the sheriff of the second county meets all the requirements of the law.

**3. Same—**

Statutory provisions for a chain of process is to maintain the original date of the commencement of the action where the suit may be affected by the running of a statute of limitations, the pendency of another action or a time limit of an enabling act, G.S. 1-95, and the statute does not preclude the issuance of a second original process after discontinuance of the first.

**4. Same:—**

The date of summons is *prima facie* evidence of the date of issuance. G.S. 1-88.1, but if the date of issuance is material the court may hear evidence and determine the true date thereof.

**5. Process § 1:—Evidence § 1—**

Where process issued to the sheriff of one county is returned and the clerk strikes through the name of the county and inserts the name of a second county, so that the process is directed to the sheriff of the second county, the fact that the sheriff of the second county signs it, without striking out the blank form for the signature of the sheriff of the first county, is immaterial, it appearing from the affidavit of the clerk that the summons was served by the sheriff of the second county, and further, the court will take judicial notice of the person who is the sheriff of the county.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Stevens, J.,* June Term, 1959, of CARTERET.

This is a civil action to recover, under the provisions of a policy of insurance issued by defendant to plaintiff, for loss resulting from an alleged collision and "upset" of plaintiff's automobile.

The facts necessary to a decision are set out in the opinion.

*George W. Ball for plaintiff, appellant.*
*C. R. Wheatly and Thomas S. Bennett for defendant, appellee.*

MOORE, J.  Summons was issued 17 March, 1959, by the clerk of the Superior Court of Carteret County (hereinafter referred to as clerk), directed to the sheriff of Cleveland County.  There is no contention that the summons did not fully comply with the formal requirements of G.S. 1-89. The clerk sent the summons to the sheriff

of Cleveland County. It was returned by the sheriff to the clerk without any notation or entry thereon. An accompanying letter from the sheriff gave information that defendant was not in Cleveland County but was in Mecklenburg County.

The clerk did not endorse on the summons an extension of time nor did he issue an alias summons. In the line, "To the Sheriff of Cleveland County — Greeting," the clerk struck through the word "Cleveland" and wrote above it the word "Mecklenburg." He made no other change. He then mailed the summons to the sheriff of Mecklenburg County. It was served on defendant on 25 March, 1959, together with a copy thereof and a copy of the complaint.

Defendant filed no answer or other pleading and did not obtain an extension of time to plead. On motion of plaintiff the clerk entered judgment by default and inquiry on 27 April, 1959. Defendant thereafter moved to vacate the judgment and dismiss the action on the ground that the summons served on the defendant is void. The motion was heard in Superior Court in term and judgment was entered 8 June, 1959, declaring the summons a nullity and dismissing the action. Plaintiff excepted and appealed.

The action was commenced by the issuance of the summons. G.S. 1-88. The summons was issued when it had been filled out and dated and was signed by the clerk. G.S. 1-88.1. The summons directed to the sheriff of Cleveland County was never served and no notation of the reason for nonservice was ever made thereon as required by G.S. 1-89. And with respect to the summons issued to Cleveland County, no notation of an extension of time within which to serve same and no alias summons was issued. This amounted to a discontinuance of the action commenced by the issuance of the summons to Cleveland County. G.S. 1-96. *Hodges v. Insurance Co.*, 233 N.C. 289, 63 S.E. 2d 819; *McIntyre v Austin*, 232 N.C. 189, 59 S.E. 2d 586; *Green v. Chrismon*, 223 N. C. 724, 28 S. E. 2d 215; *Gower v. Clayton*, 214 N.C. 309; 199 S.E. 77; *Neely v. Minus*, 196 N.C. 345, 145 S.E. 771.

The question for decision is: What was the effect of the substitution of "Mecklenburg" for "Cleveland" County in the original summons and the sending of same to the sheriff of Mecklenburg County? It is our opinion that this worked a discontinuance of the action commenced on 17 March, 1959, by issuance of summons to Cleveland County and instituted a new action at the time of the issuance of the summons to Mecklenburg County.

The summons sent to Mecklenburg County meets every formal requirement of law. G.S. 1-89. The defendant received all notice the law requires and could not have mistaken the meaning and purpose

of the process. The rights of no third party had intervened so far as the record discloses. "The purpose and aim of service of summons are to give notice to the party against whom the proceedings or action is commenced, and any notification which reasonably accomplishes that purpose answers the claims of law and justice." *Jester v. Packet Co.,* 131 N.C. 54, 42 S.E. 447.

The case of *Phillips v. Holland,* 78 N.C. 31, is in point. The clerk of Davie County issued summons and requisition (now claim and delivery) for mules to the sheriff of Davidson County. They were not served. Thereafter, upon information that the mules were in Forsyth County, the clerk struck out "Davidson" and inserted "Forsythe" in the processes. With respect to the alteration this Court said: "The alteration in the summons and requisition was not the act of an unauthorized person . . . but it was made by the Clerk who issued them at the instance of the plaintiff. When they were altered by being directed to the Sheriff of Forsythe, they became new and original process of the same force and effect as if they had been originally written as they then stood. . . . When these papers were delivered to the sheriff of Forsythe he became bound to obey them."

In *Mintz v. Frink,* 217 N.C. 101, 6 S.E. 2d 804, the clerk, with intent to issue an alias summons, used an original form and wrote the word "alias" at the top thereof. The Court said: "The issuance of a second summons in the form of an original . . . has the force and effect of initiating an independent action." See also *Gower v. Clayton, supra; Neely v. Minus, supra.* "An alias or pluries summons, improperly issued as such, may still be sufficient as an original summons." *Ryan v. Batdorf,* 225 N.C. 228, 34 S.E. 2d 81.

The real purpose of the provisions of law with respect to keeping up the chain of summonses (G.S. 1-95) is to maintain the original date of the commencement of the action where the suit may be affected by the running of a statute of limitations, the pendency of another action or the time limit of an enabling act.

We hold that the summons issued by the clerk to the sheriff of Mecklenburg County was a valid original summons in an action commenced on the date of the issuance of the same. This summons bears date 17 March, 1959, and this is *prima facie* evidence of the date of issuance. G.S. 1-88.1. If it is of importance herein, the court may hear evidence and determine the true date of the issuance thereof. *Williamson v. Cooke,* 124 N.C. 585, 32 S.E. 963.

Appellee's motion contained the further contention that the service of the summons is void for appellee asserts that the summons shows it was served in Mecklenburg County by the sheriff of Cleveland

County. This argument was brought forward in the brief. However this contention was apparently not made below for the judge found no facts with respect thereto. Suffice it to say that the record does not bear out the contention. The form for the sheriff's return had a place thereon for signature of the sheriff of Cleveland County. This portion of the form is unsigned. The return indicates it was served by J. Clyde Hunter, Sheriff, E. Banks Mayhew, deputy Sheriff. An affidavit of the clerk, which is a part of the record, indicates that summons was served by the sheriff of Mecklenburg County. Indeed, this Court takes judicial notice that J. Clyde Hunter was sheriff of Mecklenburg County on 25 March, 1959. 20 Am. Jur., Evidence, Secs. 27 and 79, pp. 54 and 100.

The record discloses that other motions are pending in this cause. These apparently have not been heard below. They are not before us.

The judgment entered at the June Term, 1959, and dated 8 June, 1959, is

Reversed.

HIGGINS, J., not sitting.