## A. B. DALTON v. B. R. WEBSTER.

*Plea of Former Judgment—Jurisdiction—New Trial—Appeal.*

1. Upon plea of former judgment, the defendant showed by the record of a justice's court that there had been a trial between the same parties on the same bond, the defence was a plea to the jurisdiction and *non est factum*, and case dismissed at plaintiffs' cost  the justice testified there was evidence on the plea of *non est factum* at the trial before him, and that he decided against plaintiff on the ground of a want of jurisdiction ; *Held*, the plea is not sustained by the proof.

2. A justice of the peace has no jurisdiction of an action where the "principal sum demanded" exceeds two hundred dollars, unless the plaintiff remits the excess, and the same is entered of record.

3. Whether a new trial should be granted under the circumstances of this case is a question of discretion addressed to the presiding judge. and no appeal lies from his ruling thereon.

(*Jones* v. *Jones*, 3 Dev. 360 ; *Hedgecock* v. *Davis*, 64 N. C., 650, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of STOKES Superior Court, before *Schenck, J.*

Defendant appealed from the judgment below.

*Messrs Watson & Glenn*, for plaintiff.
*Messrs. Mebane & Scott*, for defendant.

ASHE, J.  This is an action brought by the plaintiff against the defendant in the superior court of Stokes county, on a note under seal for two thousand dollars, due one day after date, and dated the 6th day of January, 1864, to be paid in the currency of the country.  The defendant in his answer relied upon three defences, to wit: 1. That the bond described in the complaint was not his bond.  2. That there was a former judgment duly had upon the merits, in a jus-

---

DILLARD, J., having been of counsel did not sit on the hearing of this case.

tice's court in Rockingham county on the 6th day of December, 1873, on the same cause of action and between the same parties. 3. That in an action pending in a justice's court in the county of Stokes, on the same cause of action and between the same parties, the plaintiff had on his own motion dismissed said action at his own costs, in such manner as to constitute a *retraxit.*

Several issues were submitted to the jury in respect to the first defence set up by the defendant, as to the execution of the bond declared on, all of which were found in favor of the plaintiff. There was no evidence offered to sustain the defence of *retraxit.*

Upon the plea of former judgment he offered in evidence the record of T. M. Woodburn, a justice of the peace in the county of Rockingham, to show that a trial had been had before him between the same parties, upon the same bond. This record showed that the defendant's defence before the justice was, first, " that the court had not jurisdiction," and secondly, " that the note is not the note of the defendant," and that the justice, after hearing the evidence and the arguments of counsel and the allegations of the respective parties, adjudged that the case be dismissed at the plaintiff's costs.

Woodburn, the justice, was then introduced and examined by the defendant, and testified that there was evidence before him on the plea of " *non est factum,*" and that an appeal was taken from his judgment to the superior court of Rockingham county ; and the same witness testified on cross-examination that he had decided the case against the plaintiff on the ground that he did not have jurisdiction, and would not have given judgment for the plaintiff even if the note had been proved. He also proved that no *remittitur* was entered by the plaintiff.

A transcript from the superior court of Rockingham county was then produced by the plaintiff as evidence, by

which it was shown that at spring term, 1874, of said court, the plaintiff's appeal from the judgment of the justice was duly dismissed, as null and void for want of notice.

Upon this evidence His Honor held that the plea of former judgment was not sustained, to which the defendant excepted. After the verdict and before judgment the defendant read to His Honor an affidavit by the justice (Woodburn) stating that he was mistaken in his evidence on the trial in saying that he decided the case before him upon the ground that he did not have jurisdiction, but that it was decided upon the merits; and upon this affidavit the defendant moved the court to set aside the verdict and grant him a new trial, which was refused by His Honor and judgment pronounced upon the verdict, from which the defendant appealed.

The record in this case presents but two questions for our consideration; first, was it error in His Honor to hold that the plea of former judgment was not sustained by the proof? and secondly, was there error in refusing to set aside the verdict and grant a new trial?

It is conceded that a justice's judgment would not be a bar unless the case was decided upon its merits. The record of the justice shows that the case was defended before him upon a plea to the jurisdiction as well as upon that of *non est factum.* And because evidence was offered by defendant upon the issue raised by the latter plea, it does not follow as a matter of course, that the case was not dismissed for the want of jurisdiction. By reference to the record it cannot be seen upon which ground the judgment of dismissal was rendered, and therefore the defendant introduced the justice as a witness to relieve the court from any doubt on that subject, and he testified that the case was dismissed by him on the ground of want of jurisdiction; and the defendant insists that the evidence was brought out upon the cross-examination and that it was not competent for the

.plaintiff to show by the justice what he meant by his judgment. But the defendant did not object to the evidence. He introduced the witness himself and examined him on that very point, and he can have no ground of complaint that the fact was brought out in the cross-examination which was adverse to his defence, for it would have been error in His Honor to have refused the plaintiff the privilege of a cross-examination.

But admitting this point to be with the defendant, there is another view of the case which entirely sustains the ruling of His Honor. The note sued on was for two thousand dollars. If the justice of the peace had no jurisdiction of the action on the note, then his judgment was a nullity and may be so treated when it comes in question collaterally. Waits Actions and Defences, p. 805, and section 9. *Jones* v. *Jones,* 3 Dev. 360.

By the constitution of 1868 it is declared " that the several justices of the peace shall have exclusive original jurisdiction under such regulations as the general assembly shall prescribe, of all actions founded on contract wherein the *sum demanded* shall not exceed two hundred dollars." Art. IV., § 33. And the legislature has provided by section 15, chapter 63, of Battle's Revisal, amended by the acts of 1877, ch. 63, that " where it appears in any action brought before a justice that the *sum demanded* exceeds two hundred dollars, the justice shall dismiss the action and render judgment against the plaintiff for the costs, unless the plaintiff shall remit the excess above two hundred dollars (and the interest on the excess) and shall, at the time of filing his complaint, direct the justice to make his entry : The plaintiff in this action forgives and remits to the defendant all interest and so much of the principal of this claim as is in excess of two hundred dollars." And this court in the case of *Hedgecock* v. *Davis,* 64 N. C., 650, has construed the words "sum demanded " to mean the principal of the note. The

action brought before the justice was not on the note. It was for two hundred dollars, and the note we suppose was offered in evidence to show that the amount or some other sum was due on it; whereas the action should have been brought on the note for two thousand dollars and then the *remittitur* should have been entered as provided in section 15 *supra*. This we believe is the practice in other states before justices of the peace; if it is not it ought to be. But in the case before justice Woodburn no *remittitur* was entered so as to bring the note, if the cause of action, within his jurisdiction, and therefore he had no jurisdiction of the case and his judgment being void was no bar to the plaintiff's recovery in this action.

As to the exception taken to the ruling of His Honor upon the motion to set aside the judgment and grant a new trial, there was no error. It was a pure matter of discretion with His Honor, from which no appeal lies.

There is no error. The judgment of the court below must be affirmed. Let this be certified to the superior court of Rockingham county.

No error. Affirmed.