J. D. HODGES v. THE HOME INSURANCE COMPANY OF NEW YORK.

(Filed 7 March, 1951.)

**1. Limitation of Actions § 11—**

　　Where action begun prior to the bar of the applicable statute of limitations is dismissed for want of service of process on the defendant, a second action on the same cause of action commenced within twelve months after the dismissal, but after the expiration of the statutory limitation, is barred. G.S. 1-25.

**2. Same: Actions § 10—**

Where plaintiff, who has commenced his action prior to the bar of the statute of limitations, fails to obtain valid service upon defendant, he is required to sue out *alias* or *pluries* summons if he desires to prevent a discontinuance. G.S. 1-95.

**3. Same—**

While an action is commenced by the issuance of summons, G.S. 1-88, defendant's rights are unaffected by the pendency of the action *in personam* until he is brought into court by proper service of process or acceptance of service or general appearance.

APPEAL by plaintiff from *Morris, J.,* January Term, 1951, BEAUFORT.

Civil action to recover on a fire insurance policy heard on demurrer to the complaint.

On 21 April 1948 defendant issued and delivered to plaintiff a policy of insurance in the sum of $2,000, insuring plaintiff against loss of or damage to a certain building and fixtures by fire. On 4 June 1948 the insured property was totally destroyed by fire. On 3 May 1949 plaintiff instituted an action on said policy in the Superior Court of Beaufort County. Summons was issued and sent directly to the Commissioner of Insurance who accepted service thereof and forwarded a copy to defendant, a nonresident corporation. On 1 June 1949 defendant made a special appearance and moved to dismiss the action for want of service of the summons. At the February Term 1950, the court, upon hearing the motion, concluded there had been a valid service of process or acceptance thereof and overruled the motion. On appeal to this Court we reversed. *Hodges v. Insurance Co.,* 232 N.C. 475. Opinion therein was certified 11 October 1950.

Thereafter, on 11 November 1950, plaintiff sued out a summons in this cause which was duly served. At the same time he filed his complaint in which all the foregoing material dates were set forth.

Defendant appeared and demurred for that the complaint fails to state facts sufficient to constitute a cause of action in that it affirmatively appears said action was instituted more than twelve months after the inception of the loss and is therefore barred by the provisions of G.S. 58-177, which provision appears in the policy sued upon as one of the conditions of liability. The demurrer was sustained and plaintiff appealed.

*D. D. Topping, W. B. Carter, and H. S. Ward for plaintiff appellant.*
*Rodman & Rodman for defendant appellee.*

BARNHILL, J. Where an action is instituted within the time prescribed by the pertinent statute of limitations and is thereafter dismissed for

want of service of the summons therein, may the plaintiff maintain an action on the same cause of action when summons therein was issued after the lapse of the statutory period but within twelve months after the dismissal of the original action for want of jurisdiction of the parties? This is the question posed for decision.

Plaintiff relies on G.S. 1-25 and former decisions of this Court applying the same to fact situations he contends are sufficiently identical to render them controlling here. But the history of this statute is such that former decisions of this Court cannot be properly appraised without reference to the exact content of the statute at the time the decision was rendered.

At common law, suits frequently abated for matter of form. In such cases plaintiff was allowed a reasonable time within which to sue out a new writ. This time was theoretically computed with reference to the number of days which the parties must spend in journeying to the court: hence the name "journey's account." Such renewed suit was but a continuance of that which had abated and of necessity was in the same court, against the same parties, and for the same cause of action. *Bradshaw v. Bank,* 172 N.C. 632, 90 S.E. 789. This in substance is now our discontinuance statute, G.S. 1-95.

Likewise, in the early period of our history, it was thought wise to make provision to protect a litigant who has been diligent to institute his action within the statutory period but whose cause, through no fault of his own, has been terminated after the statutory period has expired for matter of form not involving the merits. The two rules were incorporated in one statute in the Acts of 1715.

Chap. 2 of said Acts prescribes certain limitations of actions. Sec. 6 thereof is in the form of a proviso as follows: "6. *Provided nevertheless, and it is hereby further enacted,* That if on any the said actions or suits, judgment be given for the plaintiff, and the same be reversed by error, or a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, that he take nothing by his plaint, writ, or bill; or if any of the said actions shall be brought by original writ, and the defendant cannot be attached or legally served with process, that in all such cases, the party plaintiff . . . may commence a new action or suit, from time to time, within a year after such judgment reversed, or such judgment given against the plaintiff, or till the defendant can be attached or served with process, so as to compel him to appear and answer." See 1 Potter's Laws of North Carolina 1819, p. 98.

This proviso is brought forward in the Revised Statutes of 1836 substantially as originally enacted. However, in the Code of Civil Procedure of 1868 it was divided into two sections. One relates exclusively

to actions in which real property is the subject matter of the suit. C.C.P. s. 21. The other provides: "If an action shall be commenced within the time prescribed therefor, and the plaintiff be nonsuited, or a judgment therein be reversed on appeal, or be arrested, the plaintiff . . . may commence a new action within one year after such nonsuit, reversal, or arrest of judgment." C.C.P. s. 45. These two sections are brought forward in the Code of 1883, ss. 142 and 166. In the Revisal of 1905 the two sections were consolidated so as to apply to all actions, Rev. s. 370, and have been brought forward in subsequent codifications as then written. G.S. 1-25.

It is to be noted, therefore, that the Legislature, in enacting the Code of Civil Procedure of 1868, deleted and declined to re-enact that part of the original statute which permitted a new suit within twelve months if the defendant could not be served with process in the original action.

We have held that the statute applies when the original action is dismissed for want of jurisdiction of the subject matter, *Straus v. Beardsley,* 79 N.C. 59; *Dalton v. Webster,* 82 N.C. 279, or where the complaint in the original action fails to state a cause of action. *Webb v. Hicks,* 123 N.C. 244. But the statute has not been applied when the process in the original action was not served and the action was dismissed for want of jurisdiction of the parties. When the original summons is not served, the plaintiff's remedy rests in the provisions of our discontinuance statute. G.S. 1-95.

The decision in this jurisdiction more nearly in point, rendered since the adoption of the Code of Civil Procedure, is *Etheridge v. Woodley,* 83 N.C. 12. In that case the original summons was not served. Plaintiff, as here, failed to keep his action alive by the issuance of *alias* and *pluries* summonses. A new summons was issued and served after the statutory period had expired. The action was barred unless the limitation statute was suspended by the "new action" statute. The Court held that (1) the failure of the plaintiff to sue out *alias* and *pluries* summonses worked a discontinuance of the original action; (2) the summons actually served after the discontinuance constituted a new action; and (3) the new action having been instituted after the period of limitation had expired, the statutory bar prevailed and defeated the action. See also *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529.

But the plaintiff cites and relies on *Harris v. Davenport,* 132 N.C. 697, in which the Court said: "The action was dismissed for want of jurisdiction of the parties, and that has been held as a nonsuit of the plaintiff under section 166 of The Code. *Straus v. Beardsley,* 79 N.C. 59, *Dalton v. Webster,* 82 N.C. 279." They also cited *Blades v. R. R.,* 218 N.C. 702, 12 S.E. 2d 553, in which this statement is quoted.

However, a careful examination of the record in the *Harris case* discloses that the question of the suspension of the statute of limitations by the new action statute, now G.S. 1-25, was not at issue or presented for decision.  There an administrator instituted a special proceeding to sell land to make assets to pay claims received and accepted by him.  The proceeding was dismissed for want of proper service of process.  He instituted a new proceeding within twelve months thereafter.  The defendant pleaded the statute of limitations.  The Court applied the rule that the filing with and acceptance of a claim by an administrator suspends the running of the statute of limitations.  Irrespective of the first action, there was no bar to the right of the administrator to apply for authority to sell land to make assets at any time during the administration and so long as there were unsatisfied claims awaiting settlement.  Hence the quoted statement was pure dictum.  This is likewise true in the *Blades case.*

Plaintiff likewise cites *Ketterman v. Railroad Co.,* 48 W. Va. 606, and *Meisse v. McCoy's Adm'r.,* 17 Ohio St. Rep. 225.  Neither of these cases is in point for the reason that in each the statute under consideration contained a broad catch-all provision not incorporated in our Act.  The West Virginia statute, after specifying certain causes of dismissal, adds: "any cause which cannot be plead in bar of the action," and the Ohio statute contains the general provision: "If the plaintiff fail in such action otherwise than upon the merits."

Thus it appears that the Legislature has expressly rejected the dismissal of an action for want of jurisdiction of the parties as a ground for suspending the statute of limitations so as to permit a new action within twelve months after the termination of the original action.  The statute as now constituted is specific in its terms.  The language "the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested" may not be held to include a dismissal for want of service of process.

An action is commenced by issuing a summons.  G.S. 1-88.  Even so, in actions *in personam,* jurisdiction of the parties litigant can be acquired only by personal service of summons within the territorial jurisdiction of the court, unless there is an acceptance of service or a general appearance, actual or constructive.  Though the action is conceived by the issuance of process, it remains dormant and without vitality until given life by the proper service of process.  Until the party defendant is thus brought into court, his rights are unaffected by the pendency of the action.  In the absence of a clear declaration of a contrary intent by the Legislature, no other conclusion is permissible.

At the time defendant entered its motion to dismiss the original action, the plaintiff still had more than sixty days in which to sue out an *alias* summons and thus keep his action alive.  He elected instead to rest his

case upon the validity of the service had.   The unfortunate result is unavoidable.

The judgment below is
Affirmed.