JOAN K. WEBB, ADMINISTRATRIX OF ISAAC N. STURDIVANT, v. SEABOARD AIR LINE RAILROAD COMPANY, CHARLEY GRIMES, GEORGE R. THOMAS AND NELLIW C. THOMAS.

(Filed 23 November, 1966.)

**1. Process § 3—**

The service of summons after the date fixed for its return, there being no endorsement by the clerk extending the time for service, is a nullity.

**2. Same—**

Where there is nothing upon a paper writing to indicate that it is an alias or pluries summons or that it related to any original process, such paper writing, even though sufficient to constitute an original summons, cannot constitute an alias or pluries summons.

**3. Limitation of Actions § 12—**

Where original summons issued prior to the bar of a statute of limitations is not served until after its return date, and an instrument issued after the bar of the statute does not indicate that it was an alias or pluries summons or was related to the original process, there is a discontinuance of the original action and plea in bar to the second action must be allowed.

APPEAL by plaintiff from *McConnell, J.,* at August 1966 Special Civil Session of UNION.

Civil action to recover damages for the alleged wrongful death of plaintiff's intestate.

Isaac N. Sturdivant died on February 1, 1964. Plaintiff qualified as administratrix of his estate in Union County on 1 February 1966, and on the same date caused summonses to be issued by the Clerk of Superior Court of Union County to Wake County for defendant Seaboard Air Line Railroad Company and to the Sheriff of Union County for defendant George R. Thomas. On the same date an order was entered extending time to 18 February 1966 for filing complaint as to each defendant. The summons and order relative to defendant Railroad were delivered to counsel for plaintiff, who delivered same to the Sheriff of Wake County shortly before 24 February 1966. The Sheriff of Wake County served same on defendant Railroad on 25 February 1966, and made return accordingly to the Clerk of Superior Court of Union County. Counsel for plaintiff received the summons issued to the Sheriff of Union County for defendant Thomas and the order extending time to file complaint on 18 February 1966. He delivered same to the Sheriff of Union County on 3 March 1966 and same were served on defendant Thomas on 3 March 1966.

Complaint entitled as above was filed by plaintiff in the office of the Clerk of Superior Court of Union County on 18 February

1966. On the same date, at the instance of plaintiff, paper writings entitled "Summons" were issued to the Sheriff of Wake County for defendant Seaboard Air Line Railroad Company, and to the Sheriff of Union County for defendant George R. Thomas. Both of these paper writings together with copies of the complaint above referred to were delivered to counsel for plaintiff on 18 February 1966.

The paper writing entitled "Summons" issued to the Sheriff of Union County for defendant Thomas, together with copy of said complaint, were delivered by plaintiff's counsel to the Sheriff of Union County shortly before 3 March 1966. The Sheriff received same on 3 March 1966, served them on the same date, and made return to the Clerk of Superior Court of Union County.

Shortly before 24 February 1966 plaintiff's counsel delivered the paper writing entitled "Summons" and copy of said complaint to the Sheriff of Wake County, who received same on 24 February 1966, served them on defendant Railroad on 25 February 1966 and made return to the Clerk of Superior Court of Union County.

Both defendants answered, pleading, *inter alia*, that the action was not commenced within two years after it accrued.

Upon the action coming on for trial, each defendant moved that it be dismissed. The motions were allowed and plaintiff appeals.

*Griffin and Perry for plaintiff.*
*Smith & Griffin for defendant George R. Thomas.*
*Richardson & Dawkins and Cansler & Lockhart for defendant Seaboard Air Line Railroad Company.*

PER CURIAM. G.S. 1-89 provides, in pertinent part: "Summons must be served by the sheriff to whom it is addressed for service within twenty (20) days after the date of its issue."

G.S. 1-95 contains the following: ". . . When the defendant in a civil action or a special proceeding is not served with summons within the time allowed for its service, it shall not be necessary to have new process issued. At any time within ninety days after issue of the summons, or after the date of the last prior endorsement, the clerk, upon request of the plaintiff shall endorse upon the original summons an extension of time within which to serve it. . . . As an alternate method of extending the life of a summons in those cases where the defendant in a civil action or special proceeding is not served with summons within twenty days, plaintiff may sue out an alias or pluries summons returnable in the same manner as original process. An alias or pluries summons may be sued out at any time within ninety days after the date of issue of the next preceding summons in the chain of summonses."

The record does not reveal that there was any endorsement by the Clerk of Superior Court on the original summons or any issuance of alias or pluries summons pursuant to G.S. 1-95. The original summons was not served within twenty days of its issue. This summons had lost its vitality and was *functus officio* when the Sheriff served it. There is no authority in the statute for the service of this summons after the date fixed for its return. *Green v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215.

The plaintiff contends that the paper writing entitled "Summons" issued by him as to both defendants on 18 February 1966 constituted an alias summons or extension of the summons issued on 1 February 1966. We cannot agree with this contention. An alias or pluries summons improperly issued as such may still be sufficient as an original summons. But when it is desired that the action shall date from the date of issuance of the original summons, or when it is necessary for it to do so, in order to toll the statute of limitations, the successive writs must show their relation to the original process. *Ryan v. Batdorf,* 225 N.C. 228, 34 S.E. 2d 81. There is nothing in the paper writing issued on 18 February 1966 to indicate that it was an alias or pluries summons or which related it to the original process.

There was a discontinuance of the action commenced on 1 February 1966 and the plea in bar to the second action was properly allowed.

The judgment dismissing the action is
Affirmed.