MACON GOWER, JR. v. AETNA INSURANCE COMPANY

No. 7110SC734

(Filed 12 January 1972)

**Insurance § 137; Rules of Civil Procedure § 41— action on fire policy — one-year limitation — original action dismissed without prejudice — allowance of 30 days to file new action**

Where plaintiff filed his original complaint to recover on a fire insurance policy within one year after the date of the loss as required under the terms of the policy, and the trial court thereafter dismissed the original action without prejudice under G.S. 1A-1, Rule 41(b), for failure to obtain proper service of process on defendant insurer, the court had authority under Rule 41(b) to specify in its order of dismissal that "any new action by plaintiff may be commenced within thirty days of the date of this order," and plaintiff's new action instituted within the thirty days allowed by the court's order but more than a year after the loss was not barred by the one-year limitation provided in the policy.

ON *certiorari,* upon application of defendant, to review judgment of *Bone, Judge,* 15 July 1971 Session of Superior Court held in WAKE County.

Plaintiff instituted the present action on 5 November 1970 to recover on a fire insurance policy issued by the defendant, Aetna Insurance Company (Aetna), alleging that he had sustained a fire loss on 7 June 1969 and that the defendant had failed to pay according to the terms of the policy. The defendant filed its answer on 2 December 1970, admitting the issuance of the policy but asserting as its fifth of eight defenses that any recovery by the plaintiff was barred by his failure to commence his action "within twelve months next after inception of the loss" as required by the insurance contract. The parties stipulated that the only provision of the policy pertinent to this appeal is that prescribing the twelve-month period in which an action on the policy must be commenced.

On 25 June 1971 Aetna filed a motion for summary judgment pursuant to the provisions of G.S. 1A-1, Rule 56, "on the grounds that the pleadings and the material facts about which there is no genuine issue establish as a matter of law" that Aetna was entitled to judgment in its favor because the record showed that the action was not commenced within one year after the date of the alleged loss as required by the terms of the insurance policy.

Aetna's motion for summary judgment was heard and denied on 15 July 1971 by Judge Bone in a judgment reading as follows:

"This cause came on to be heard at the July 12th, 1971, Civil Session of the Superior Court of Wake County, upon the defendant's written motion for a summary judgment under the provisions of NCGS 1A-1, Rule 56, dated June 25, 1971. No affidavits were offered by either side and no oral evidence was offered by either side, the matter being heard upon the undisputed facts appearing of record, which facts are as follows:

(1) On April 7, 1970, the plaintiff, Macon Gower, Jr., instituted a civil action against Aetna Insurance Company upon the same claim as that which is involved in the present action, the former action being filed under No. 70 CVS 2131 and the present action being filed under the number 70 CVS 6703.

(2) That on April 7, 1970, plaintiff filed his complaint in said former action, attaching thereto a copy of the insurance policy sued upon.

(3) That on May 13, 1970, judgment by default and inquiry was rendered by the Clerk in favor of plaintiff and against defendant, but on May 15, 1970, the Clerk entered an order setting aside said default judgment.

(4) That on May 15, 1970, the defendant filed answer to said complaint, and subsequently certain interrogatories and stipulations not material to the matter now at hand, were filed in the record.

(5) That one of the defenses set out in said answer of defendant, was that the court lacked jurisdiction over the person of the defendant and the process and service of same in said action was insufficient.

(6) That on October 15, 1970, Hon. C. W. Hall, Judge presiding over the Superior Court of Wake County, heard a motion of the defendant for a dismissal of said former action, on the ground that the court lacked jurisdiction over the person of the defendant and that the process and service of process were insufficient; and on said October

Gower v. Insurance Co.

15, 1970, Judge C. W. Hall signed an order containing the following provision: 'That the purported service of process in this action be, and the same is hereby, quashed, this action being discontinued and this action is hereby dismissed pursuant to Rule 41B, without prejudice; provided, however, that any new action by plaintiff may be commenced within thirty days of the date of this order. The plaintiff shall pay the costs to be taxed by the Clerk.'

(7) That on November 5, 1970, after paying the costs in the former action, the plaintiff herein caused summons to be issued in the present action and same was served on the defendant Aetna Insurance Company on November 6, 1970.

(8) It appears upon the face of all the pleadings that this is an action on a fire insurance policy issued by defendant to plaintiff. The copy of the fire insurance policy attached to the complaint, marked Exhibit A, is incorporated into plaintiff's complaint.

(9) It appears on the face of all the pleadings that the fire on account of which this action was instituted is alleged to have occurred on June 7, 1969.

(10) Defendant's insurance policy, a copy of which is attached to plaintiff's complaint, is a standard fire insurance policy issued pursuant to the provisions of NCGS 58-176, and it contains the following required provision in lines 157 through 161: 'Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with and unless commenced within twelve months next after the inception of the loss.'

(11) The present action was instituted and complaint was filed on November 5, 1970, more than twelve months next after inception of the loss, which occurred on June 7, 1969, but less than thirty days after the aforesaid order of Judge Hall, which said order was entered on October 15, 1970.

After considering the uncontradicted record facts as set out above, and argument of counsel for both sides, the

court is of the opinion, as a matter of law, that the said motion of defendant dated June 25, 1971, for a summary judgment in its favor dismissing this action under the provisions of NCGS 1A-1, Rule 56, should be denied.

Now, THEREFORE, it is by the court, ORDERED, ADJUDGED AND DECREED that the said motion of defendant for a summary judgment in its favor dismissing this action be, and the same is hereby, DENIED."

Defendant excepted to the "signing, entry and filing" of the foregoing judgment and petitioned this court to issue the writ of certiorari, which petition was allowed.

*Dan Lynn and Earle R. Purser for plaintiff appellee.*

*Young, Moore & Henderson by Joseph W. Yates III and Joseph C. Moore for defendant appellant.*

MALLARD, Chief Judge.

There is no contention that the facts set forth in the foregoing judgment are incorrect. Defendant did not except to the findings of fact in the judgment but contends that the trial court erred as a matter of law when it denied defendant's motion for summary judgment.

In support of its contention, defendant relies upon the ruling in *Hodges v. Insurance Co.*, 233 N.C. 289, 63 S.E. 2d 819 (1951). The plaintiff there instituted an action against the defendant insurance company within one year after a fire loss covered by an insurance policy issued by defendant and in effect at the time of the loss. (The provisions of the insurance policy and the statute with respect to the time within which the action had to be brought were the same as in the case before us.) The action was dismissed for failure to properly serve process on the defendant by an opinion of the Supreme Court, certified 11 October 1950, which was more than one year after the loss. Thereafter, plaintiff, relying on the old statute (G.S. 1-25), instituted another action on 11 November 1950 for the same loss. Defendant demurred under the old rules of procedure on the grounds that the complaint did not state a cause of action in that it affirmatively appeared that the action was instituted more than one year after the inception of the loss and was barred by both the provisions of the statute and of

the policy sued upon. The Court held that because the plaintiff had failed to sue out alias or pluries summons and had brought the new action after more than one year from the inception of the loss, his cause of action was discontinued under the provisions of the now-repealed statute, G.S. 1-95, and that the defendant's rights were unaffected by the pendency of the action *in personam* until it was properly served with process, or accepted service, or entered a general appearance. In so holding, the Court said:

"Thus it appears that the Legislature has expressly rejected the dismissal of an action for want of jurisdiction of the parties as a ground for suspending the statute of limitations so as to permit a new action within twelve months after the termination of the original action. The statute (G.S. 1-25) as now constituted is specific in its terms. *The language 'the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested' may not be held to include a dismissal for want of service of process.*

An action is commenced by issuing a summons. G.S. 1-88. Even so, in actions *in personam,* jurisdiction of the parties litigant can be acquired only by personal service of summons within the territorial jurisdiction of the court, unless there is an acceptance of service or a general appearance, actual or constructive. Though the action is conceived by the issuance of process, it remains dormant and without vitality until given life by the proper service of process. Until the party defendant is thus brought into court, his rights are unaffected by the pendency of the action. *In the absence of a clear declaration of a contrary intent by the Legislature, no other conclusion is permissible."* (Emphasis added.)

We think that the Legislature made a clear declaration of a contrary intent when it repealed the old statutes, G.S. 1-25 and G.S. 1-95, and enacted the new Rules of Civil Procedure, effective 1 January 1970. This intent is expressed in the following pertinent portion of Rule 41 (b) :

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him. * * * If the court specifies that the dismissal

of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal."

We note that this new rule does not contain the restrictions contained in old G.S. 1-25; that is, that the "new action" may be brought only when the plaintiff's original action has been "nonsuited, or a judgment therein reversed on appeal, or is arrested." It is this language which the Court in *Hodges* held did not include a dismissal for want of service of process; but, as noted, the pertinent portion of Rule 41(b) contains no such limitation. The authority to determine in which cases it is appropriate to allow the plaintiff to commence a new action has been vested in the trial or hearing judge and is no longer strictly controlled by statute.

In the "Comment" appearing in the General Statutes under G.S. 1A-1, Rule 41(b), it is said:

"In respect to a motion for dismissal because of noncompliance with these rules or an order of court, the propriety of a dismissal will, of course, depend on the rule or order which has not been complied with. The rule does not undertake to say in what circumstances a dismissal will be proper any more than it attempts arbitrarily to declare what is a failure to prosecute."

The new rules also provide that a civil action is commenced by the filing of a complaint and, under some specified conditions, by the issuance of a summons. G.S. 1A-1, Rule 3. The first complaint in this action was filed within the time prescribed. There is no contention otherwise.

Rule 4 of the Rules of Civil Procedure provides for the issuance and service of summons. We do not have the record of the first suit before us because it was not included in this record, but apparently the summons therein was not properly served and the defendant moved to dismiss on that ground. Judge Hall heard the motion and ordered that "the *purported service* of process" be "quashed," determined that the action was discontinued, and then dismissed the action without prejudice pursuant to Rule 41(b). This dismissal was on defendant's motion. Judge Hall's order further provided that "any new action by plaintiff

may be commenced within thirty days of the date of this order." (The order was dated 15 October 1970, and the present action was commenced on 5 November 1970, within the thirty-day period allowed.) Neither the plaintiff nor the defendant excepted to or appealed from Judge Hall's order, and it became the law of the case. See *Gaskins v. Insurance Co.*, 260 N.C. 122, 131 S.E. 2d 872 (1963). It seems clear from the uncontroverted findings of Judge Bone as to the contents of Judge Hall's order that the plaintiff did not obtain proper service of the summons in the first action and did not comply with the provisions of Rule 4(d) (which contains provisions similar to those in now-repealed G.S. 1-95) relating to extension, endorsement upon original summons, and alias and pluries summons.

Rule 4(e) reads as follows:

"*Summons—discontinuance.*—When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement."

In the first suit, the plaintiff had not complied with the rules relating to service of process. It is noted, however, that the defendant was apprised of the pendency of the action in some manner because it filed an answer and a motion to dismiss on the grounds that the process and service of process were insufficient.

Rule 4(e) and Rule 41(b) may appear to the casual reader to be in conflict, but when examined closely, it will be seen that they are not, and both can be given effect. The first action commenced by plaintiff was discontinued for failure to comply with the provisions of Rule 4(d) and (e), relating to service of process, but something else appears in this case. Under the statutory authority specifically granted in the last sentence in Rule 41(b), Judge Hall dismissed the old action without prejudice for plaintiff's failure to comply with the rules, and, in the exercise of his discretion, specified that the plaintiff might commence a new action within thirty days. No exception to or appeal from that order appears on this record.

It is not controverted that the first action was commenced by the filing of a complaint within one year after the inception of the loss, and that the "new action" authorized by the order of Judge Hall was commenced within the time allowed therein. While the meaning of that portion of Judge Hall's order in which it is stated that the "purported service" of process be "quashed" is not clear, it may be disregarded because the holding that the action was discontinued was a definite holding, and the dismissal without prejudice was unequivocal.

By failing to comply with Rule 4(e), the plaintiff, after a year had elapsed from the date of the loss, had lost the right on his own initiative to breathe life into his discontinued action. Even the trial judge could not give that original action new life, but the Legislature has specifically given to the judge, under the quoted part of Rule 41(b), the discretionary and limited authority, not to resurrect that which was discontinued under Rule 4(e), but to give the plaintiff a new day and opportunity, in the interest of justice, to litigate his case on the merits. This authority was not given to the judge in the now-repealed statutes, G.S. 1-25 and G.S. 1-95, upon which the decision in *Hodges v. Insurance Co., supra,* was based, and this is what distinguishes the case before us from *Hodges.*

We hold, therefore, that Judge Bone correctly denied defendant's motion for summary judgment.

Affirmed.

Judges HEDRICK and GRAHAM concur.