L. M. LACKEY, JR., ADMINISTRATOR OF THE ESTATE OF MICHAEL HENRY COURAIN v. JAMES WILLIAM COOK

No. 7822SC444

(Filed 3 April 1979)

**Rules of Civil Procedure § 4— alias summons—time of issuance—no relation back to original summons**

    The trial court erred in determining that an alias summons issued more than 90 days after the original summons was issued could relate back to the date of issue of the original summons so as to keep alive the action originally instituted; an alias summons could be issued after the original action was discontinued as to defendant, but, by the express language of G.S. 1A-1, Rule

4(e), the action would be deemed to have commenced on the date of such issuance.

Judge ERWIN concurring.

APPEAL by defendant from *Collier, Judge*. Order entered 23 February 1978 in Superior Court, IREDELL County. Heard in the Court of Appeals 9 February 1979.

The plaintiff instituted this wrongful death action against the defendant on 8 June 1977 by filing a complaint alleging that the defendant negligently caused the death on 28 June 1975 of the plaintiff's intestate, who was injured while riding as a guest passenger in an automobile driven by defendant. Summons was issued on the same day the complaint was filed. The summons was returned with endorsement by the sheriff showing that it had been served as follows:

> On James William Cook on the 9th day of June, 1977, at the following place: Route 8, Box 90, Statesville, NC By: Leaving copies with Mrs. Willard Cook—mother—who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode.

On 17 June 1977 the defendant filed answer alleging *inter alia* that the plaintiff had not obtained in personam jurisdiction over him and moving to dismiss pursuant to G.S. 1A-1, Rule 12.

A hearing was held in January 1978 for the purpose of considering the defendant's motion. At that hearing, the defendant presented twelve affidavits in support of his motion to dismiss. The defendant's affidavits indicate that the summons was served upon his mother at her home. They further show that for more than three years prior to 9 June 1977 the defendant and his wife had lived in their own place of residence separate and apart from his mother and that the defendant was not present in his mother's home at the time the summons was served by leaving a copy with her.

Following the hearing, the trial court entered an order dated 23 February 1978 in which the court found as a fact that the return on the summons indicated that it had been served on the defendant by leaving a copy with his mother and that at no time either reasonably before or after 9 June 1977 did the defendant's

mother reside in his dwelling house or usual place of abode. The trial court concluded as matters of law that because the return was valid on its face, the defendant was presumptively properly served with process; that this presumption continued until a contrary factual determination was made; that the service of process upon the defendant was in fact defective, "a conclusion reached as a matter of law on the date of this order;" and that the defendant was therefore entitled to an order quashing the service of process which had been attempted to be made on 9 June 1977. The order then contains the following additional conclusions of law:

> 4. Until the within determination by the court that the service of process involved here was in fact defective, the plaintiff was unable as a matter of law to swear out an alias summons.

> 5. The plaintiff is now entitled to swear out an alias summons in this cause notwithstanding the provisions of G.S. 1A-1, Rule 4(d).

> 6. The alias summons, which the plaintiff is entitled to swear out, must be issued within ninety (90) days of the date of this order; the effect of such alias summons will be to keep alive the action originally filed on June 8, 1977.

On these findings and conclusions the court denied the defendant's motion to dismiss the action, ordered the original service quashed for defective service of process, and granted the plaintiff's oral motion for leave to swear out an alias summons. From this order the defendant appeals.

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele and Jay F. Frank, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and William C. Raper, for defendant appellant.*

PARKER, Judge.

Defendant contends that the trial court erred in determining that an alias summons issued more than 90 days after the original summons was issued could relate back to the date of issue of the original summons so as to keep alive the action originally instituted on 8 June 1977. We agree with the defendant's contention and accordingly reverse.

The summons in this case was issued on 8 June 1977. G.S. 1A-1, Rule 4(c) provides (with certain exceptions not here pertinent relating to tax and assessment foreclosures) that "[p]ersonal service or substituted personal service of summons as prescribed in Rule 4(j)(1) a and b, must be made within 30 days after the date of the issuance of summons." The factual findings in the trial court's order, which are not in dispute, establish that no such service or substituted personal service was actually made in this case within 30 days after the date of issuance of the original summons. G.S. 1A-1, Rule 4(d) provides that when, as in the present case, any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:

(1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Return of the summons so endorsed shall be in the same manner as the original process. Such endorsement may be secured within 90 days after the issuance of summons or the date of the last prior endorsement, or

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

Plaintiff failed to employ either of these methods within 90 days after the date of issuance of the original summons and, indeed, had not done so even at the date of the hearing on defendant's motion to dismiss, which occurred more than six months after the date the original summons was issued. G.S. 1A-1, Rule 4(e) provides:

(e) Summons — discontinuance. — When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4 (d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to

have commenced on the date of such issuance or endorsement.

The official comment on Sections (d) and (e) of Rule 4 is as follows:

Section (d). — This section preserves unchanged the essence of former § 1-95. Alternative methods, either endorsement or the issuance of alias or pluries summons, are provided for continuing the life of an action after the time for service of summons has expired. The same time limits for securing the endorsement or alias or pluries summons are prescribed and the special treatment accorded tax suits is retained.

Section (e). — This section is similar to former § 1-96. Accordingly, an action will be discontinued under the new rules just as formerly. It will be observed that while under Rule 3 the commencement of an action is ordinarily tied to the filing of a complaint, the discontinuance of an action is tied to the failure in apt time to secure an endorsement or an alias or pluries summons. Further, it will be observed that in the special case of an action in which endorsement or the issuance of an alias or pluries summons is secured after the ninety (90) day period, in that case the action will be deemed commenced with the endorsement or the issuance of summons rather than with the filing of a complaint.

In cases interpreting our former statutes, our Supreme Court held that in order for an alias summons to relate back to the original summons so as to keep the action alive from the date of issuance of the original summons, it was necessary for the plaintiff to correctly maintain his chain of summonses. If he failed to do so, a discontinuance of the action resulted. *Webb v. R.R.*, 268 N.C. 552, 151 S.E. 2d 19 (1966); *Hodges v. Insurance Co.*, 233 N.C. 289, 63 S.E. 2d 819 (1951); *Mintz v. Frink*, 217 N.C. 101, 6 S.E. 2d 804 (1940). The last cited case is on its facts particularly pertinent to the present case. In *Mintz* the original summons was issued on 26 November 1938 and was returned with endorsement showing service was made on the defendant on the same date. On 12 December 1938 defendant entered a special appearance and moved to dismiss the action for that, contrary to the sheriff's return, the summons had not been served on 26 November 1938 but had been served on 27 November 1938, which was on Sunday.

Upon hearing defendant's motion in the Superior Court, Judge Harris found as a fact from the affidavits filed that the summons was served on Sunday, 27 November 1938, and held such service a nullity. (A statute then in effect made it unlawful for any sheriff or other officer to execute any summons or other process on Sunday.) Accordingly, Judge Harris ordered the return stricken and remanded the case to the clerk of superior court, who was authorized to serve immediately an alias summons with an attached copy of the complaint. Thereafter, on 12 January 1939, the assistant clerk of superior court issued a summons in form of an original summons but marked at the top "Alias Summons," which was returned by the sheriff endorsed "Served January 13, 1939, by delivering a copy of the within summons and a copy of the complaint" to defendant. Defendant again entered a special appearance and moved to dismiss the action and to strike out the officer's return on the summons marked "Alias Summons" dated 12 January 1939 for the reasons, *inter alia*, that the same was not an alias summons and there was no complaint filed for that suit. The clerk denied the motion and plaintiff appealed to the superior court, where the matter was heard at the September 1939 term before Judge Stevens. Upon finding as fact that the summons marked "Alias Summons" issued on 12 January 1939 was not in fact an alias summons and that same was actually served upon the defendant without a copy of the complaint, Judge Stevens ruled that such summons so marked and served was inoperative. However, being further of opinion that the court had "inherent right to correct its mistakes and errors," Judge Stevens denied defendant's motion to dismiss the action and ordered the cause remanded to the clerk of superior court with direction to him to issue at once an alias summons and attach thereto copy of complaint for service on defendant. On appeal by defendant from this order of Judge Stevens, our Supreme Court, after ruling that the service of the original summons on Sunday was invalid and that the summons issued on 12 January 1939, although marked at the top "Alias Summons," was not a valid alias summons, held:

(3) Section 481 of Consolidated Statutes of 1919 [later G.S. 1096] provides that "a failure to keep up the chain of summonses issued against a party, not served, by means of an *alias* or *pluries* summons, is a discontinuance as to such party; and if a summons is served after a break in the chain

it is a new action as to such party, begun when the summons was issued." See *Hatch v. R.R.*, supra; *Neely v. Minus*, 196 N.C., 345, 145 S.E., 771.

> In the case in hand the service of summons being invalid and an *alias* as required by statute not having been issued, nothing else appearing, the action was discontinued at the expiration óf ninety days next after the issuance of the original summons. The order of Harris, J., that the clerk issue an alias summons is merely directory, and does not and cannot have the effect of suspending the provisions of the statute. Likewise, after the expiration of period provided in the statute within which an alias summons can and must be issued Stevens, J., was without authority to order an *alias* summons issued. Therefore, at September Term, 1939, upon the finding that the summons issued 12 January, 1939, was not in fact an *alias* summons, nothing else appearing, a discontinuance of the action as originally instituted should have been decreed.

217 N.C. at 104, 6 S.E. 2d at 807.

We find the decision in *Mintz v. Frink*, supra, controlling in the present case. Although the statute in effect when that case was decided, C.S. Sec. 481 [later G.S. 1-96], has now been replaced by G.S. 1A-1, Rule 4(e), there is no significant difference between the former statute and our present rule insofar as the decision of this case is concerned.

We note that when, on 17 June 1977, defendant's answer in the present case was filed containing his motion to dismiss for failure of plaintiff to obtain *in personam* jurisdiction over the defendant, plaintiff still had 81 days remaining of the 90 day period after the date of issuance of the original summons within which to secure an endorsement upon the original summons or to sue out an alias so as to keep his action alive. He did not do this. Instead, he waited until after the 90 day period had expired before obtaining a hearing on defendant's motion to dismiss in order to learn why the service of summons, which the return indicated was valid, was in fact not valid. What was said in *Hodges v. Insurance, Co.*, supra, is pertinent here:

> At the time defendant entered its motion to dismiss the original action, the plaintiff still had more than sixty days in

Lackey v. Cook

which to sue out an alias summons and thus keep his action alive. He elected instead to rest his case upon the validity of the service had. The unfortunate result is unavoidable.

233 N.C. at 293-94, 63 S.E. 2d at 822.

The record on appeal in the present case indicates that following the entry of the order appealed from an alias summons was issued on 6 April 1978 and that this was returned showing personal service on defendant on 10 April 1978. On authority of *Mintz v. Frink, supra,* we hold that the trial court was in error in its ruling, contained in its conclusion of law No. 6, that the effect of such an alias summons would "be to keep alive the action originally filed on June 8, 1977." When in the present case there was neither endorsement by the clerk nor issuance of alias summons within the time specified in G.S. 1A-1, Rule 4(d), the original action was discontinued as to the defendant. Thereafter, an alias summons could be issued, but by express language of G.S. 1A-1, Rule 4(e), "the action shall be deemed to have commenced on the date of such issuance."

For the reasons stated, the order appealed from is

Reversed.

Judge MARTIN (Robert M.), concurs.

Judge ERWIN concurring.

I agree with the opinion in this case. I wish to add that G.S. 1A-1, Rule 6(b), was not relied upon by the plaintiff nor did Judge Collier refer to it in his order. Under these circumstances, I feel that the application of Rule 6(b) is not before us in the case *sub judice*.