IN THE SUPREME COURT OF NORTH CAROLINA

No. 431A19

Filed 17 July 2020

IN THE MATTER OF: W.I.M.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review orders entered on 31 May 2019 by Judge Monica H. Leslie in District Court, Haywood County. This matter was calendared for argument in the Supreme Court on 19 June 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Rachael J. Hawes, Agency Attorney, for petitioner-appellee Haywood County Health and Human Services Agency.*

*Matthew D. Wunsche, GAL Appellate Counsel, for appellee Guardian ad Litem.*

*Richard Croutharmel for respondent-appellant father.*

MORGAN, Justice.

By virtue of orders entered on 28 February 2020, this Court dismissed respondent-father's pending appeal and allowed his petition for writ of certiorari to review two orders of the trial court terminating his parental rights to W.I.M. (Wesley),[1] a juvenile born in July 2010. Because we find no merit in respondent's

---

[1] We use this pseudonym to protect the juvenile's identity and for ease of reading.

argument that the trial court lacked personal jurisdiction to proceed against him in this matter, we affirm the trial court's orders.

On 24 January 2017, the Haywood County Health and Human Services Agency (HHSA) removed Wesley and two of his half-siblings from their mother's care and took the juveniles into nonsecure custody due to their mother's ongoing substance abuse, her failure to provide proper care and supervision for the children, and her unsanitary and hazardous home environment to which she exposed them. HHSA also filed a juvenile petition alleging that Wesley was abused, neglected, and dependent. The juvenile petition identified respondent as Wesley's father and alleged that respondent was currently in custody serving a sentence for habitual impaired driving with a projected release date of 2 July 2017.

The trial court adjudicated Wesley to be a neglected juvenile on 14 March 2017 and ordered that HHSA maintain him in nonsecure custody. Since respondent had "expressed his desire to parent his son," the trial court directed HHSA to develop a case plan for respondent and to determine whether respondent had access to programs while incarcerated that would be appropriate for him. The trial court ordered respondent to comply with the case plan that was developed for him and to cooperate with HHSA. The trial court further ordered that upon respondent's release from custody, he must submit to random drug screens, undergo mental health and substance abuse assessments, comply with any related treatment recommendations,

obtain and maintain stable housing and employment, and successfully complete parenting classes.

Respondent was released from incarceration on 2 July 2017 and was initially cooperative with HHSA. As a result, at the ninety-day review hearing, *see* N.C.G.S. § 7B-906.1(a) (2019), the trial court awarded respondent one hour per week of supervised visitation with Wesley and established a permanent plan of reunification with a concurrent plan of guardianship with a relative or court-approved caretaker. After visiting with Wesley on 20 September 2017, however, respondent absconded from his probation for another criminal conviction. HHSA was unable to contact respondent after 27 September 2017. Accordingly, following a permanency planning review hearing on 10 January 2018, the trial court ceased efforts at reunification with respondent and changed Wesley's permanent plan to reunification with his mother with a concurrent plan of guardianship.

On 23 July 2018, due to the mother's continued substance abuse issues and her overall lack of progress with her case plan, the trial court ceased all reunification efforts with the mother and changed the permanent plan for Wesley to adoption with a concurrent plan of guardianship. HHSA filed a petition to terminate the parental rights of both respondent and Wesley's mother on 21 September 2018. A summons was issued on 21 September 2018 and subsequently served on respondent by a deputy of the Caldwell County Sheriff's Office on 3 October 2018.

Respondent filed an answer to the petition for termination on 30 October 2018, accompanied by a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted under N.C.G.S. § 1A-1, Rule 12(b)(1), (6) (2019). In his motion to dismiss, respondent asserted that the petition for termination was not properly verified as required by N.C.G.S. § 7B-1104 because the verification was made on behalf of a *former* director of HHSA by his authorized agent. *See generally In re T.M.H.*, 186 N.C. App. 451, 454, 652 S.E.2d 1, 2 ("[A] violation of the verification requirement of N.C.G.S. § 7B-1104 has been held to be a jurisdictional defect *per se*."), *disc. review denied*, 362 N.C. 87, 657 S.E.2d 31 (2007).

On 9 November 2018, HHSA filed a "Motion to Amend Petition for Termination of Parental Rights" along with an amended petition for termination verified by the current HHSA director through his authorized agent. The trial court allowed the motion by order entered 19 November 2018. The trial court's order directed HHSA to file its amended petition for termination once it was "finalized for filing" and to serve it on respondent "by regular personal service, and/or through [his] Counsel of record." HHSA filed its amended petition for termination on 27 November 2018. A new summons was issued on 27 November 2018. Respondent was personally served with the new summons and amended petition for termination by a deputy of the Haywood County Sheriff's Office on 4 December 2018.

Respondent filed an answer to the amended petition for termination on 31 December 2018 along with a motion to quash the summons that was issued on

27 November 2018. In his motion to quash, respondent claimed that the 27 November 2018 summons was "null, void and of no effect" based on the following:

> 2. The [c]ourt allowed [HHSA] to amend the [p]etition, rather than file anew.
>
> 3. [HHSA] amended the [p]etition and served the same with a successive [s]ummons.
>
> 4. The successive summons is not marked an alias and pluries summons, nor does it contain information to support an alias and pluries summons.

Respondent's answer again denied the material allegations in the amended petition for termination.

The trial court addressed respondent's motion to quash at a hearing on 15 April 2019. Counsel for respondent explained the motion to quash as follows:

> [COUNSEL]: Your Honor, our motion is to quash a successive summons that was issued with the amended petition. We—*we were served with the original petition and original summons* and filed a motion to dismiss that. The underlying reason was the verification was bad. The court was—the court allowed the department to amend rather than filing a new—than telling them to start over in effect. That left the original summons outstanding. There can only be one original summons in a case and there was a summons attached to the amended petition which was not noted to be an alias and pluries summons and I won't try to remember which is the difference between alias and pluries but it doesn't contain the information necessary for that. We believe that that successive summons should be quashed if it's not valid under the theory that there can only be one original summons. The reason we're moving that is because we—we think that *if there's a need for an appeal that the appellate counsel will want to raise the subject matter jurisdiction and this is to protect that*

*ground[ ] of appeal.*

(Emphases added.) The trial court denied respondent's motion to quash, finding that "the [a]mended [s]ummons and [p]etition[ ] were not a successive summons such that would require an alias and pluries summons . . . [but] were new filings, as allowed by the Order of the Court on November 19, 2018."

The trial court then proceeded with the hearing on HHSA's amended petition for termination on 15 and 16 April 2019. The trial court adjudicated the existence of three grounds for termination of respondent's parental rights: neglect, willful failure to make reasonable progress, and dependency. *See* N.C.G.S. § 7B-1111(a)(1), (2), (6) (2019). The trial court went on to consider the dispositional factors in N.C.G.S. § 7B-1110(a) and concluded that the termination of respondent's parental rights was in Wesley's best interests. The adjudicatory order and dispositional order terminating respondent's parental rights to Wesley were entered by the trial court on 31 May 2019.

Respondent argues that the trial court had no personal jurisdiction over him for purposes of the termination-of-parental-rights proceeding. He contends that he was not served with a valid summons related to HHSA's amended petition for termination because (1) the summons issued on 27 November 2018 was not in the form of an alias or pluries summons as required by N.C.G.S. § 1A-1, Rule 4(d)(2) (2019), and (2) HHSA did not obtain either an endorsement of the original 21 September 2018 summons within ninety days pursuant to N.C.G.S. § 1A-1, Rule

4(d)(1), or an enlargement of the period for serving the original summons pursuant to N.C.G.S. § 1A-1, Rule 6(b) (2019).

As an initial matter, we note that the trial court characterized the new summons and amended petition which it directed HHSA to file pursuant to the trial court's 19 November 2018 order as "new filings." On 27 November 2018, the amended petition for termination was filed and the new summons was issued. While the essential purpose of the use of an endorsement or the issuance of an alias and pluries summons is to maintain an original action in order to toll the period of an applicable statute of limitations, no such consideration is invoked in this case. Even if HHSA had failed to obtain an endorsement upon either the original or new summons, or had failed to obtain the issuance of an alias and pluries summons, the only effect of any such failure would have been the resulting discontinuance of the original termination proceeding. *Lackey v. Cook*, 40 N.C. App. 522, 526, 253 S.E.2d 335, 337 (1979) (citing, *inter alia*, *Webb v. Seaboard Air Line R. Co.*, 268 N.C. 552, 151 S.E.2d 19 (1966)). Consequently, the result of HHSA's filing of the amended petition and the issuance of the new summons would have been the initiation on 27 November 2018 of a new termination proceeding. N.C.G.S. § 1A-1, Rule 4(e). However, due to the trial court's allowance of the filing of the amended petition and the issuance of the new summons, coupled with the lack of a contention by respondent that a termination petition filed on 27 November 2018 by HHSA involving his parental rights to Wesley would be time-barred, any failure of HHSA to preserve the operation of the original summons

by endorsement or the issuance of the alias and pluries summons would not impact the trial court's authority to exercise personal jurisdiction over respondent. Respondent has not otherwise directed our attention to any alleged defect in the service of the 27 November 2018 summons upon him, or the content of it.

Upon careful review, we conclude that respondent waived any objection to the trial court's exercise of personal jurisdiction over him. The record before this Court shows that respondent filed an answer to HHSA's amended petition for termination and made a general appearance without raising the issue of personal jurisdiction either in his 30 October 2018 motion to dismiss or his 31 December 2018 motion to quash. *See* N.C.G.S. § 1A-1, Rule 12(b)(2), (h)(1) (2019); *In re K.J.L.*, 363 N.C. 343, 346, 677 S.E.2d 835, 837 (2009) ("Even without a summons, a court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction." (citing *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996)). Respondent asserts in his brief that "he meant personal jurisdiction" when he argued at the 15 April 2019 hearing that the trial court was without "subject matter jurisdiction." His assertion is belied by the written record, however, and is thus unavailing.[2] *See generally State v. Sharpe*, 344 N.C. 190, 194,

---

[2] Respondent's 30 October 2018 motion to dismiss alleged as grounds for dismissal only that "the [c]ourt lacks subject matter jurisdiction for lack of a proper verification" and that HHSA's petition for termination "does not state a claim for which relief may be granted, because the factual allegations are not properly under oath." The motion to dismiss cited only Rule 12(b)(1) and (6) of the Rules of Civil Procedure as authority, making no mention of Rule

473 S.E.2d 3, 5 (1996) ("This Court has long held that where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court.'" (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)).

Respondent does not raise any claim of error with regard to the trial court's adjudication of grounds for the termination of his parental rights or its conclusion that terminating his parental rights is in Wesley's best interests. We therefore affirm the trial court's orders.

AFFIRMED.

---

12(b)(2) regarding its reference to "[l]ack of jurisdiction over the person." N.C.G.S. § 1A-1, Rule 12(b)(2). While respondent's 31 December 2018 motion to quash averred that he had "previously moved the [c]ourt to dismiss based on lack of subject matter jurisdiction *and personal jurisdiction*," this averment's representation as to personal jurisdiction has no support in the record. (Emphasis added.)